134        SUPREME COURT.

Lockett & Co. v. W. G. Robinson, Assignee.—Statement of Case.

B. G. LOCKETT & CO., APPELLANTS, VS. W. G. ROB-
INSON, AS ASSIGNEE OF H. P. ROBINSON & BRO.,
APPELLEE.

1. Where a lien upon land for improvements is claimed, under Chap-
   ter 1632, as amended by Chapter 3042, Laws of Florida, and the
   property on which the lien is claimed is conveyed to an assignee
   for the benefit of creditors, and then, under an agreement be-
   tween the assignee and the claimant of the lien, the property is
   sold by the assignee and the funds derived from the sale are, by
   the terms of the agreement, deposited in bank to await the ad-
   judication of the rights of the claimant of the lien, a court of
   equity will entertain jurisdiction of a bill to determine the
   validity of the lien and reach the funds.

2. An assignee for the benefit of creditors has no better or greater
   rights in property assigned than his assignor. The assignee is
   bound where the assignor would be bound.

3. Where notice of lien was filed within the time and in the manner
   prescribed by the statute, the lien is good against an assignee
   for the benefit of creditors, though he had no notice of the lien
   until after the execution and delivery of the assignment.

4. Where a bill is filed against an assignee for the benefit of creditors
   to enforce a lien upon the assigned property, and no relief is
   prayed against the assignor. the assignor is not a necessary
   party to the bill.

Upon appeal from the Circuit Court for Marion
county.

STATEMENT.

In this case a bill was filed on the 16th of May, 1885,
by appellants against the appellee, and its material
allegations are, in substance, as follows :

That H. P. Robinson and Charles F. Robinson were copartners under the firm name of H. P. Robinson & Bro. That they were the owners of a certain lot in Ocala, and in May, 1884, commenced the erection, on said lot, of a brick building for business purposes. That complainants were dealers in brick and building material, and contracted with said H. P. Robinson & Bro. to deliver, and did from time to time during the progress of the erection of said building, furnish a large amount of brick which were used in the erection and construction of said building, and were necessary therefor. That when said building was nearly finished, but before the entire completion thereof, the said Robinson & Bro. did, on the 22nd day of July, 1884, make an assignment for the benefit of their creditors, to the defendant W. G. Robinson, by which assignment they conveyed the said lot and unfinished building to defendant. That on the 25th day of July, 1885, the complainants filed a notice of their intention to hold a lien on said property, in accordance with the statute. That in November, 1884, the defendant brought a suit against the complainants and others to enjoin the enforcement of their lien upon said building and lot. That in said suit a consent decree was made, by which the said assignee, defendant herein, was to sell the said lot and building, and deposit the proceeds of such sale in the Bank of Ocala; such proceeds to be in lieu of said lot and building, and to be held to abide the adjudication of complainants' lien. That said build-

ing and lot sold for $10,000, and the money was deposited as agreed. That the sum of $1,401.50 remain due and unpaid to complainants for said brick furnished, and for which they claim a lien. An itemized account of the brick furnished is attached to the bill as an exhibit, and also a certified copy of the notice of lien filed in the clerk's office.

The prayer of the bill is, that complainants may be decreed to have a lien upon the said funds so deposited in bank, and that the amount due them for material furnished, as stated, with interest thereon, may be decreed to be paid to them out of said fund.

The defendant appeared and demurred to the bill upon the following grounds: 1st. Want of equity; 2nd. That H. P. Robinson & Bro. were not made parties to the bill; 3rd. The bill does not allege that the assignee had notice of complainants' lien prior to the execution of the assignment; 4th. The bill does not allege the invalidity of the assignment; 5th. That complainants have an adequate remedy at law; 6th. That notice of the lien was not filed till after the execution of the assignment and notice thereof to complainants.

On February 19, 1886, the Circuit Court rendered a decree sustaining the demurrer and dismissing the bill. Complainants appealed and assign as error the decree sustaining the demurrer and dismissing their bill.

*R. L. Anderson* for Appellants.

*E. C. F. Sanchez* for Appellee.

(Judge Young, of the Fourth Circuit, sat in the place of Mr. Justice Taylor, who was disqualified).

YOUNG, Circuit Judge :

The first question to be determined in this case is whether or not the demurrer for want of equity, and on the ground of adequate remedy at law, was well taken. Where a statute gives a lien, and does not give an adequate remedy, or where, owing to the peculiar circumstances of the case, the remedy given by the statute can not furnish relief, the party claiming the lien may go into equity for relief. Thrasher vs. Doig & Geiger, 18 Fla., 809; Davis vs. Alvord, 94 U. S., 545. In the case at bar the complainants claimed to have a lien under Chapter 1632, as amended by Chapter 3042, Laws of Florida, and defendant filed a bill to enjoin them from enforcing their lien on the building and lot on which it was claimed. Thereupon, by consent of all parties, the lot was sold under an agreement that the proceeds were to be *in lieu* of the lot, and were to be placed in bank to abide the adjudication of complainants' rights. Thus by the agreement of the parties under which the lot was sold, the defendant holding as assignee, the remedy given by the statute could not give adequate relief. By the agreement the complainants could no longer subject the lot to a satisfaction of their claim, and the proceeds derived from the sale could not be reached directly, except in equity. It is not sufficient that there is a remedy at law; it must be as complete and beneficial as the relief in

equity. Hodges vs. Kowing, 58 Conn., 12, 7 L. R. A., 87. The demurrer for want of equity, and on the ground of adequate remedy at law, was not well taken.

An assignee for the benefit of creditors has no higher or better title than his grantor. He can have no greater rights in the property than his assignor. The assignee is bound where his assignor would be bound. Campbell Printing Press & Man'fg Co. vs. Walker, 22 Fla., 412, 1 South. Rep., 59; Einstein's Sons vs. Shouse, 24 Fla., 490, 5 South. Rep., 380.

If the notice of the lien was filed within the time and in the manner prescribed by the statute, the lien is good as against the assignee, though he had no notice of complainants' rights until after the execution and delivery of the assignment. The fact that the assignment is valid does not alter the case. No relief being prayed against H. P. Robinson and Charles F. Robinson, they were not necessary parties to the bill.

The decree of the Circuit Court is reversed, and the cause remanded for further proceedings in accordance with this opinion.