STANDARD FERTILIZER COMPANY v. THE STATE, for the use of C. H. GROVES, and for its own use, and for the use of Sumter County.

177 So. 548.

Division A.

Opinion Filed December 10, 1937.

*McCollum & Howell,* for Appellant;

*S. J. Stiggins,* for Appellee.

BUFORD, J.—The appeal brings for review final decree foreclosing in favor of appellee here the liens of certain tax assessments made under the provisions of Chapter 11850, Acts of 1927, entitled:

"An Act to Create and Establish Big Prairie Drain in Sumter County and to Provide for the Establishment of Public Ditches and Drains and Levees Therein, and for Assessment of the Cost Thereof Including Surveys and Other Preliminary Expenses, Against Lands Benefited by such Drains and Ditches and for the Levying and Collection of Taxes upon the Lands Assessed, and the Sale of Lands to Enforce Collection of the Same."

The brief filed by appellant entirely fails to comply with amended Rule 20. The bill of complaint alleged that the tax sale certificates and the certificates of indebtedness

under which complainant claimed a lien were attached to and made a part of the bill of complaint.

The record contains a notation:

"Exhibits attached to the amended bill of complaint are omitted in accordance with stipulation of counsel."

We must, therefore, assume that the exhibits were in accord with the allegation of the bill of complaint. This is true because the Circuit Judge granted decree of foreclosure and unless these exhibits were sufficient to establish the complainant's allegations in regard thereto the court could not properly have entered such decree.

The only question which we find so presented by the briefs and the record that we may determine the same is whether or not a person holding certificates of indebtedness issued under the provisions of Chapter 11850, *supra*, may institute as a use-complainant in the name of the State of Florida a suit to foreclose the lien created by the assessments authorized by that Act and evidenced by tax sale certificates issued pursuant to that Act and held by the State of Florida when it is shown that all other taxes included in such tax sale certificates have been paid and the lands redeemed from the liens evidenced by such certificates so far as State and County taxes are concerned. We hold that this may be done.

The bill of complaint shows that all the taxes on all the lands in the district have been levied which may be levied under the provisions of the Act and that the only source from which the certificates of indebtedness issued under the provisions of that Act may be paid is the fund which may arise from the levies which have been so made; that this complainant does not hold all of such certificates of indebtedness which were issued under the provisions of the Act, but does own a considerable portion of such certificates. The decree adjudicated the foreclosure, but allowed

the complainant only to recover from the fund which might be realized only that proportion of the fund which the amount of his certificates bear to the total amount of outstanding certificates.

While these certificates were issued to the State of Florida they merely evidenced the lien which was created by the assessment and no one has a real interest in those liens except the holders of the certificates of indebtedness. Therefore, regardless of the name of the party to whom the tax sale certificates were issued, such party would hold the certificates in trust for the use and benefit of the holders of the certificates of indebtedness and if such Trustee failed or refused to foreclose the lien for the benefit of his, or its, *cestui que* trust, the *cestui que* trust being the real party in interest could maintain the suit, as was done in this case. Section 2561 R. G. S., 4201 C. G. L.

Section 3228 R. G. S., 5034 C. G. L., provides that, "All liens of any kind, whether created by statute or the common law and whether to be regarded as merely possessory or not, may be enforced by proceedings in Chancery."

In Futch, etc., v. Adams, etc., 47 Fla. 257, 36 Sou. 575, this Court held in effect that:

A statutory lien may be enforced in equity although a statutory remedy is provided unless the statutory remedy is made exclusive.

The statute we have under consideration did not provide a statutory method for enforceing the lien created by the statute. Therefore, its enforcement must be in equity. See also Lockett v. Robinson, 31 Fla. 134, 12 Sou. 649.

In 47 C. J. 25 it is said:

"Where the beneficial ownership and the legal title to a chose in action or tangible property are separated, the beneficial owner's rights may be protected by the bringing

of an action to his use in the name of the legal owner as nominal or legal plaintiff."

And again, in the same volume, page 26, it is said:

"The beneficial owner has the right to bring an action to his use in the name of the legal owner, or, after his death, in the name of his administrator, without consent or authority, and even against the expressed wish of the legal plaintiff. The legal owner has not the right to refuse the use of his name as plaintiff by the beneficial owner, he cannot prevent the use of his name; and courts of law will protect the equitable right and will compel the nominal plaintiff to permit his name to be used for the recovery of the claim. Where the legal owner has a cause of action against defendant, it is immaterial so far as defendant is concerned, whether the use-plaintiff has any interest or not, that being a matter which concerns the legal and use-plaintiffs, and not defendant. If the consent of the legal owner is not obtained at the outset of the action, his consent at a later stage relates back to the commencement of the action, and ratifies it. The beneficial owner's right to sue in the name of the legal owner is not affected by pendency of a prior action in the name of the legal owner for the benefit of another alleged usee."

These enunciations are supported by adequate authority.

The appellant has cited no authority to the contrary.

The decree should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., not participating.