No. 17,474.

CLARENCE O. BROWN, ET AL. *v.* C. A. MCPHERSON, ET AL.

(286 P. [2d] 342)

Decided July 18, 1955.

Messrs. HORN & ANDERSON, for plaintiffs in error.

Mr. DON W. HIGBY, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE ALTER delivered the opinion of the Court.

C. A. McPHERSON and Mrs. C. A. McPherson brought an action against Clarence O. Brown, Carroll Brown and D. E. Brown, a co-partnership doing business as Brown Construction Company, to recover damages allegedly suffered by plaintiffs as a result of an automobile accident. Trial to a jury resulted in a verdict in plaintiffs' favor in the sum of $5,000.00, upon which verdict judgment was entered. Defendants bring the cause to this Court by writ of error seeking a reversal of the judgment.

We will herein refer to the parties as plaintiffs and defendants as those positions were taken by them in the trial court or by name.

Plaintiffs, in their complaint, allege that on June 10, 1953, defendants were engaged in the construction or maintenance of a certain highway between Woodland Park and Deckers, Colorado; that in connection with said contract they constructed a dangerous and hazardous condition in the highway; that they negligently failed to take the necessary precautions in connection therewith to protect the public traveling on said highway. C. A. McPherson was driving his automobile on said highway and Mrs. C. A. McPherson was a passenger therein. As a result of the alleged carelessness and negligence of defendants, C. A. McPherson drove into an excavation and hazardous condition on said highway, damaging his automobile in the sum of $500.00; Mrs. C. A. McPherson suffered permanent personal injuries. The prayer of the complaint is for $10,000.00 damages.

Defendants for a first defense admit that they were contractors engaged in the construction work on the highway where the accident occurred and deny all other allegations of the complaint; for a second defense they allege that C. A. McPherson was contributorily negligent; for a third defense assert unavoidable accident.

It appears from the record that between 4 and 5 o'clock P.M., on June 10, 1953, plaintiffs, together with their guests, Bert and Clara Bergstrom, left Woodland Park in

C. A. McPherson's automobile, planning to have dinner at Deckers. This was the first time that C. A. McPherson had driven over the part of the highway which was under construction. In traveling to Deckers, C. A. McPherson noticed that the approaches to three short bridges had been excavated completely across the highway for about fifteen feet and at a depth of about eight inches. On the return trip to Woodland Park, at about 9 or 10 o'clock P.M., C. A. McPherson and Bert Bergstrom were riding in the front seat, and Mrs. C. A. McPherson and Clara Bergstrom were riding in the back seat of the automobile, which was, just prior to the accident, being driven not to exceed forty miles per hour on a completed portion of the highway. When the bridge and approach thereto were first observed by C. A. McPherson it was impossible to stop the automobile, and, as a result thereof, it dropped into the depression, hit the concrete approach to the bridge, traversed the same, and dropped into the depression on the other side. Mr. McPherson and the other passengers with him were violently thrown about the automobile; Mrs. McPherson testified that, "I swirled and went to the floor. I don't know whether I passed out or not but I know that Clara [Mrs. Bergstrom] helped me up." The automobile allegedly was damaged, requiring the replacement of tires and alignment of wheels and other repairs, the cost of which, the record discloses, was in the sum of approximately $200.00, which was paid. Mrs. McPherson's injuries consisted of a partial displacement of the collar bone as it is attached to the breast bone, creating a tumorous appearing condition which was apparent at the time of the trial. The ligaments were torn or stretched, and it was her physician's opinion that arthritis probably would supervene as a result of the injury. It also was her physician's opinion that Mrs. McPherson's injury would be permanent unless tissue from elsewhere in her body was used to reconstruct the torn ligaments, and this could be accomplished only by surgery necessitating hospitaliza-

tion for a week or ten days. Mrs. McPherson testified of constant and continuous pain; her inability to perform her ordinary household duties. She also testified that at the time of the trial on January 4, 1954, her arm and shoulder still pained her, and that the pain was constant.

It is uncontradicted that there were no flares, no watchman, no signs or warning of any kind, placed on the highway by defendants or others at the time of plaintiffs' accident. No evdience was offered by defendants; no motion was made for a directed verdict or for dismissal; there was no objection to any instruction given by the court; there were no tendered instructions. The jury returned its verdict in favor of plaintiffs and against defendants in the sum of $5,000.00.

The court's instruction No. 3 was: "You are instructed that contributory negligence is such negligence on the part of the plaintiff as helped produce the injuries complained of, and without which they would not have occurred. Such negligence need not have been the sole cause of the injuries but merely such that but for the negligence of the plaintiffs they would not have occurred."

Defendants' counsel in the motion for a new trial and in the summary of argument in this Court, based the same on two grounds: "1. That the said verdict and judgment was contrary to the law in that, *as a matter of law*, the plaintiffs were guilty of contributory negligence, which was the proximate or contributing cause of the accident. 2. That the verdict is excessive and that it was given under the influence of sympathy, prejudice or passion of the jury." We will consider these in the order presented.

■ 1. Defendants' counsel assert in their motion for a new trial that plaintiffs were guilty of contributory negligence "as a matter of law." We have heretofore recorded the fact that defendants throughout the trial gave no intimation that this contention was to be made, and at the time of the court's instruction on contributory neg-

ligence, hereinbefore quoted, no objection to the giving of such instruction was interposed. We also have heretofore mentioned that no motion for a directed verdict or dismissal of plaintiffs' action was interposed. Defendants' counsel, without objection, permitted the court to proceed with the trial and instruct the jury upon the assumption that contributory negligence was a question for the jury's determination. If, as defendants' counsel now contend, it would have been the court's duty, as a matter of law, to hold that plaintiffs were guilty of contributory negligence, that question should have been presented to the trial court at the conclusion of plaintiffs' evidence. However, no such question was raised until the motion for a new trial was filed, and this we consider too late because in order to have the correctness counsel's contention determined, the question presented must be raised in the trial court at such time as will afford that court an opportunity of taking appropriate action in ruling upon the motion. We believe it to be a proper disposition of this question to hold that if defendants desired to raise the question of contributory negligence as a matter of law it was incumbent upon their counsel to make an objection either at the close of plaintiffs' case or at the time the court permitted them to examine its instruction No. 3, and, having failed properly to raise the question, they are now estopped to do so.

This Court, speaking through Mr. Justice Clark, in the case of *Schell v. Kullhem*, 127 Colo. 555, 259 p. (2d) 861, determined, with reference to the Court's duty under facts somewhat similar to those presented in the instant case, that, "It is rare indeed that a factual situation is so clear as to, warrant a declaration of negligence as a matter of law. Ordinarily all questions related to a case of this character, including negligence, contributory negligence, assumption of risk and proximate cause, are questions of fact for determination by the jury." (citing cases)

2. Counsel for defendants rely upon our decision

in *Ark Valley Alfalfa Mills, Inc. v. Day,* 128 Colo. 436, 263 P. (2d) 815, in support of their contention that the damages awarded in this case are excessive. The undisputed evidence is that at all times subsequent to the accident until the time of trial Mrs. McPherson suffered physical pain as a result of injuries; the injuries are permanent unless the dislocation can be corrected and her torn ligaments replaced either by ligaments obtained from other parts of her body or by wire, and that the result of such an operation is questionable; that arthritis has supervened, and she now is unable to perform her ordinary household duties. The undisputed factual situation thus presented is so radically different from that presented in *Ark Valley Alfalfa Mills, Inc. v. Day, supra,* as to make our decision therein wholly inapplicable to the instant case. The court properly instructed the jury on the measure of damages which should be awarded Mrs. McPherson in event of defendants' liability therefor, and it is settled law in this jurisdiction that, "The assessment of damages is within the exclusive province of the jury under proper instruction. *Riss and Company, Inc. v. Anderson,* 108 Colo. 78, 114 P. (2d) 278." *Clark v. Hicks,* 127 Colo. 25, 252 P. (2d) 1067.

We have studied the decisions cited by counsel, as well as many others found in our own research, as a result of which we are convinced that the trial court did not commit error in entering its judgment on the jury's verdict. Accordingly, the judgment is affirmed.