562 P.2d 762 (1977)
GLOBE DRILLING COMPANY and Royal Development Corporation, Plaintiffs-Appellants,
v.
Robert L. CRAMER, Defendant-Appellee.
Robert L. CRAMER, Plaintiff-Appellee,
v.
John R. GABLE a/k/a John Gable, a/k/a John Ray Gable, et al., Defendants-Appellants.
No. 75-398.
Colorado Court of Appeals, Div. II.
March 24, 1977.
*763 Vernon K. Sessions, Neil S. Silver, Denver, for appellants.
C. Mert Reese, William B. Collister, Denver, for appellee.
PIERCE, Judge.
This is an appeal from a judgment awarding an overriding royalty to Robert Cramer, a geologist, on leases held by appellants. The appellants are John Gable and business enterprises engaged in oil production which are owned and controlled by him. We affirm in part, reverse in part and remand for modification.

I.
Appellants raise several procedural matters. They assert that the trial court wrongfully exercised jurisdiction over property of one not a party in this action. However, the record establishes that the relevant property interest was assigned, prior to trial, to a defendant who has not appealed from the judgment. Thus, the property involved was properly before the trial court, and its judgment in this regard is final. It is also contended that Cramer's complaint should have been dismissed because of an alleged deficiency in the summons caption. Although dismissal was sought prior to trial upon other grounds, no mention was made of any alleged insufficiency in the summons. Rather, all of the defendants made general appearances in the trial court and proceeded through trial. Cf. Fletcher v. *764 District Court, 137 Colo. 143, 322 P.2d 96 (1958). Hence, any objection was waived. Cline v. Boulder, 168 Colo. 112, 450 P.2d 335 (1969); C.R.C.P. 12(h)(1).

II.
The trial court found that Gable had promised Cramer a 2 ½% overriding royalty on all leases acquired by Gable-controlled companies following review and recommendation for acquisition by Cramer. Appellants question this finding, claiming there is an insufficiency of evidence as to its terms and performance. Conflicting evidence was introduced regarding the agreement. Under these circumstances, we may not set aside the trial court's factual determinations regarding the existence and terms of the contract. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336 (1970). See also Bator v. Mines Development, 32 Colo.App. 320, 513 P.2d 220 (1973).
Appellants argue that there was no evidence that Cramer was the effective procuring cause of any lease. However, this was not required by the contract as this agreement was construed by the trial court.
It is contended that the trial court erred in failing to make findings as to the value of services performed by Cramer. It is also argued that the decreed royalty is unreasonable. Under the contract as found by the court, these matters were irrelevant. The contract itself established the value of the services, and whether that valuation was reasonable was a matter for contractual negotiation, and not judicial determination.

III.
Appellants assert that Cramer failed to plead and prove sufficient facts to support mechanic's liens which he filed against various properties prior to trial. They also urge that the trial court erred in dismissing their claim for slander of title based on the allegedly improper lien filings of Cramer. No error was committed.
The trial court's award of override royalties was not dependent on the validity of Cramer's liens and no foreclosure was decreed. The dismissal of the slander of title claim was proper in light of the trial court's finding that a valid contract existed. See Colorado Real Estate & Development, Inc. v. Sternberg, 164 Colo. 184, 433 P.2d 341 (1967); McNichols v. Conejos-K Corp., 29 Colo.App. 205, 482 P.2d 432 (1971).

IV.
Appellants next contend that the written findings entered must be set aside because they were prepared by Cramer's counsel. The objection is not warranted. After the court made a preliminary draft of its findings, Cramer's attorney was requested to assist in the preparation of the final written judgment. The findings were entered only after the court found them to be proper. This procedure did not deprive those findings of validity. Uptime Corp. v. Colorado Research Corp., 161 Colo. 87, 420 P.2d 232 (1966).
It is asserted that findings on certain matters, such as Cramer's alleged work on wells in Nebraska, were clearly erroneous. These challenged findings, even if erroneous, were irrelevant to the legal issues presented.
Appellants also argue that, despite a finding by the court to the contrary, Cramer's credibility was questionable because of allegedly evasive answers given by him at trial. The weight to be accorded Cramer's testimony is not for our determination. Broncucia v. McGee, supra.

V.
Finally, the appellants question several aspects of the judgment entered. Based on the finding of contractual entitlement, judgment was entered for specific performance, requiring conveyance by appellants to Cramer by "good and sufficient deed" of a 1 ½% overriding royalty on minerals under specified parcels of real property. Personal judgment was awarded for "a dollar amount equal . . . to the 2 ½% overriding royalty" attributable to oil production *765 on the parcels from the date of Cramer's termination to the date of the written judgment.
Appellants claim that the language used in the judgment directed them to convey a perpetual royalty interest in the entire mineral estate, rather than a determinable interest in leaseholds covering only oil, gas and related substances. It is asserted that this exceeds Cramer's entitlement under the law and evidence. Although we affirm the decree of specific performance, we reverse the award of monetary damages, and remand for modification as to the character and duration of Cramer's royalty interest.
It is not contended that specific performance is unavailable in this case. It is established in Colorado that an overriding royalty comprises real property, Hagood v. Heckers, 182 Colo. 337, 513 P.2d 208 (1973), and that specific performance is a proper remedy for enforcement of such an interest. See Landauer v. Huey, 143 Colo. 76, 352 P.2d 302 (1960). Hence, that portion of the judgment is affirmed.
We reverse that portion of the judgment awarding Cramer damages for past production. Cramer produced no evidence as to the existence or extent of the production from the properties involved. In order to recover actual damages for breach of contract, there must be evidence as to the amount of damages incurred. Doyle v. McBee, 161 Colo. 130, 420 P.2d 247 (1966). There was no testimony regarding Cramer's entitlement. John v. United Advertising, Inc., 165 Colo. 193, 439 P.2d 53 (1968). It is not sufficient to contend, as does Cramer on appeal, that the actual sum owing could be ascertained from appellants' records. The amount due Cramer for past production could easily have been determined prior to trial, see C.R.C.P. 34, and proven at trial. This was not done. We will not remand solely for the purpose of allowing Cramer an additional opportunity to prove his case.
Finally, the judgment must be modified. As drafted, it does appear to grant Cramer a perpetual royalty interest in the underlying mineral estate. This requires remand for modification.
The overriding royalties involved here were conveyed by oil and gas lessees, and were severed from their working interests that is from their share of production under the particular leases. Hagood v. Heckers, supra. This situation must be distinguished from those where the fee owner or lessor conveys what is purported to be a royalty interest either prior or subsequent to leasing. See Simson v. Langholf, 133 Colo. 208, 293 P.2d 302 (1956). See also Dabney-Johnston Oil Corp. v. Walden, 4 Cal.2d 637, 52 P.2d 237 (1935).
There was evidence as to each lease included in the judgment, and as to its acquisition by appellants either on an initial or a renewal basis following Cramer's review and recommendation. This evidence supported the trial court's judgment awarding overriding royalties on each of these leases. Whether the appellants retain ownership of the particular leases involved is irrelevant to the issue of their liability, so long as those leases are still in effect.
However, the decree must be modified to reflect that the overriding royalty awarded Cramer is limited to the duration and subject matter of the acquired leases, and is not a perpetual fee interest in all minerals. The circumstances indicate that the parties contracted for an overriding royalty only for specific oil and gas leaseholds acquired on Cramer's recommendation during his employment. There was no evidence that appellants intended to transfer that which they did not own. Nor was there evidence supporting judgment for a royalty interest in all future leases on the properties. See Bellport v. Harrison, 123 Kan. 310, 255 P. 52 (1972); La Laguna Ranch Co. v. Dodge, 18 Cal.2d 132, 114 P.2d 351 (1941). Hence, the judgment must be modified to include only oil, gas and related substances, and must reflect that, absent a finding of collusion or fiduciary responsibility on the part of appellants, Cramer's royalty is limited to the duration of the acquired leases. Meeker v. Ambassador Oil Co., 308 F.2d 875 (10th Cir. *766 1962). Cf. La Laguna Ranch Co. v. Dodge, supra.
Judgment affirmed in part, reversed in part, and cause remanded for modification in accordance with the views expressed herein.
VAN CISE and KELLY, JJ., concur.