599 P.2d 262 (1979)
Russell DAMRELL, Plaintiff-Appellee,
v.
Margaret A. CREAGAR a/k/a Margaret Creagar Miller a/k/a Margaret A. Miller, Defendant-Appellant.
No. 77-778.
Colorado Court of Appeals, Div. II.
March 22, 1979.
Rehearing Denied May 10, 1979.
Certiorari Denied August 20, 1979.
*263 Wesley H. Doan, P. C., Wesley H. Doan, Lakewood, for plaintiff-appellee.
Hughes, Cayatte, Macrum & Goldy, James F. Macrum, Jr., Littleton, for defendant-appellant.
ENOCH, Judge.
Defendant, Margaret Creagar Miller, appeals from a judgment in this mechanics' lien action awarding plaintiff a personal judgment against defendant and a first lien on her property. We reverse.
In 1973 plaintiff entered into an agreement with Herman Creagar, then defendant's husband, to construct and operate a greyhound training track on the property in question. By the terms of their oral agreement, plaintiff would provide the financing for the track and Mr. Creagar would provide the land as well as the construction labor. The profits of the completed track operation were to be divided between the two, plaintiff receiving 65% and Mr. Creagar 35% until the costs of construction were repaid, and thereafter each receiving 50%.
The property on which the track was being built was held in joint tenancy by Mr. Creagar and defendant. In 1974, when the track was only 10% completed, Mr. Creagar left defendant and abandoned the race track project. Later he quit-claimed his interest in the land to defendant. Plaintiff continued to work on the track until 1975, when he filed a mechanics' lien against the land to recover the money he had expended.
Defendant contends that plaintiff and Mr. Creagar were in partnership and therefore plaintiff was not entitled to a mechanics' lien. We agree.
Although the trial court did not address the issue of whether plaintiff and Mr. Creagar were partners, the undisputed evidence in the record shows that the nature of their relationship was a partnership, i. e., "an association of two or more persons to carry on, as co-owners, a business for profit." Section 7-60-106(1), C.R.S. 1973. Plaintiff and Mr. Creagar agreed to contribute *264 to the venture and to share in the profits of the track as an on-going business operation. See § 7-60-107(1)(d), C.R.S. 1973. Plaintiff himself characterized the arrangement as a partnership, thereby admitting he considered himself to be a partner in the enterprise. Thus the validity of the lien must be ascertained in light of plaintiff's status as a partner.
Defendant argues that the Colorado Mechanics' Lien Statute, § 38-22-101, et seq., C.R.S. 1973, does not contemplate an action by a partner to recover his share of partnership property. We agree.
The mechanics' lien statute offers additional security to persons whose labor or materials enhance real property by allowing an in rem recovery against the land as an alternative to an in personam contract action. C & W Electric, Inc. v. Casa Dorado Corp., 34 Colo.App. 117, 523 P.2d 137 (1974). Persons claiming the right to assert a mechanics' lien, however, must bring themselves clearly within the purview of the statute as belonging to some class in whose favor the remedy is afforded. Ridge Erection Co. v. Mountain States Telephone & Telegraph Co., 37 Colo.App. 477, 549 P.2d 408 (1976). The statute contains an express and exhaustive enumeration of those classes of persons entitled to assert a mechanics' lien, but does not include a partner claiming improvements to partnership property. See Ridge Erection Co. v. Mountain States Telephone & Telegraph Co., supra. Instead, the tenor of the statute indicates that persons with ownership interests in the property to which they attempt to claim a lien are not included within the protection of the statute. See Columbia Savings & Loan Ass'n v. Counce, 167 Colo. 365, 447 P.2d 977 (1968); International Trust Co. v. Lowe, 66 Colo. 131, 180 P. 579 (1919). See also Fitzgerald v. Van Buskirk, 16 Ill.App.3d 348, 306 N.E.2d 76 (1974). Therefore, because plaintiff was a partner in the race track enterprise, he is precluded from asserting a mechanics' lien on that property to recover his share of the contributions to the partnership.
Defendant also argues that the trial court erred in entering a personal judgment against her. We agree.
In the absence of evidence that defendant contracted with plaintiff or was in privity of contract with Mr. Creagar, no personal judgment may be entered against her. See Brannan Sand & Gravel Co. v. Santa Fe Land & Improvement Co., 138 Colo. 314, 332 P.2d 892 (1958). Although the court here found that defendant knew of the improvements, there was no finding, nor would the evidence support a finding, that defendant was a party to the partnership agreement or had contracted for the improvements. Therefore it was error to enter a personal judgment against defendant.
Judgment reversed.
BERMAN and VAN CISE, JJ., concur.