**FORT LUPTON STATE BANK,**
**Plaintiff-Appellee,**

and

**M–J Perri Company,**
**Plaintiff-Intervenor-Appellant,**

and

**North Denver Bank, Central Bank of Denver,**
**Plaintiffs-Intervenors-Appellees,**

and

**The United States,**
**Plaintiff-Intervenor-Appellee,**

v.

**Lee T. MURATA, a/k/a Lee Murata, Perry Murata, Tsugiko Murata, Murata Farms, Inc., Lifetime Title and Finance Corporation, Defendants.**

No. 78–736.

Colorado Court of Appeals,
Div. II.

March 26, 1981.

Paul V. Rupp, Denver, for plaintiff-intervenor-appellee North Denver Bank.

Grossman & Grossman, Alan M. Grossman and Sydney H. Grossman, Denver, for plaintiff-intervenor-appellee Central Bank of Denver.

Joseph Dolan, U. S. Atty., Richard A. Jost, Asst. U. S. Atty., Denver, for plaintiff-intervenor-appellee U. S.

Daniel, McCain & Brown, Leonard H. McCain, Fort Lupton, for plaintiff-appellee Fort Lupton State Bank.

Dinner & Hellerich, Thomas E. Hellerich, Greeley, for plaintiff-intervenor-appellant M–J Perri Co.

PIERCE, Judge.

M–J Perri Co. appeals the order of the trial court establishing an order of priority among judgment creditors to proceeds derived, and to be derived, from the oil and gas royalty interest of the debtor Lee T. Murata (Murata). We affirm.

Between 1965 and 1970, Murata incurred numerous debts. Among Murata's judgment creditors are several of the appellees in this action, namely the United States, Fort Lupton State Bank (Fort Lupton), North Denver Bank (North Denver), and Central Bank of Denver. These appellees have all acquired judgment liens on the real property of Murata in Weld County.

M–J Perri owns a 1965 judgment obtained against Murata in Arapahoe County which was not filed in Weld County until

after the judgment liens of the above-named appellees were filed there.

Prior to the initiation of the action below, Murata had conveyed an oil and gas production lease on the mineral estate that he owned in Weld County to Rodney P. Calvin. In 1975, Calvin decided to develop the oil and gas pursuant to his lease, but discovered that the property was subject to foreclosure by these appellees.

The United States, Fort Lupton, and North Denver agreed to forebear foreclosure proceedings and allow oil and gas production to commence if the royalty proceeds accruing to Murata would first be applied to satisfy their judgments. Calvin, these judgment creditors, and Murata consented to this arrangement and production commenced. The funds derived from Murata's royalty interest have been accumulating in the registry of the district court of Weld County since production began and have not yet been dispersed.

Pursuant to an action brought by Fort Lupton seeking dispersal of these funds, the trial court ordered that the royalty proceeds would be distributed to judgment lien creditors in the order that their judgments were filed in Weld County. M–J Perri intervened in this action and was relegated to a priority inferior to the priorities of the above-named appellees. This appeal followed.

### I.

Proper disposition of this appeal requires an inquiry into the nature of the proceedings below and the remedy afforded the parties by the trial court.

Although the district court's order which effectuated the priority scheme was not couched in terms of an equitable lien, such was the result of that order.

■ An equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt, or is declared by a court of equity out of general considerations of justice as applied to the relations of the parties and the circumstances of their dealings. *Valley*

*State Bank v. Dean,* 97 Colo. 151, 47 P.2d 924 (1935); *Fallon v. Worthington,* 13 Colo. 559, 22 P. 960 (1889); *see Barocas v. Bohemia Import Co.,* 33 Colo.App. 263, 518 P.2d 850 (1974). The lien may create a right in the lienor to have particular property charged with an encumbrance and sequestered under a judicial decree so that its rents or profits may be applied to satisfy the lienor's claim. *See Valley State Bank v. Dean, supra.*

■ Further, a statutory lien on real property may become an equitable lien on the proceeds of the sale when the particular circumstances of a case render the statutory foreclosure remedy ineffectual. *B. G. Lockett & Co. v. Robinson,* 31 Fla. 134, 12 So. 649 (1893). Here, foreclosure was waived by the United States, Fort Lupton, and North Denver when they agreed with Murata to allow the royalty proceeds to stand in lieu of the royalty interest itself. *See Lockett v. Robinson, supra.*

Hence, the trial court imposed an equitable lien upon the proceeds of Murata's royalty interest which were to be deposited in the registry of the court. *See Valley State Bank v. Dean, supra;* and *Lockett v. Robinson, supra.* This equitable lien accrues to the benefit of Murata's judgment creditors in the order that their transcripts of judgment were filed in Weld County. *See* § 38–35–109, C.R.S.1973 (1980 Cum.Supp.).

■ Citing *Chambers v. Nation,* 178 Colo. 124, 497 P.2d 5 (1972), M–J Perri asserts that an oil and gas royalty constitutes personal property, and therefore, since no party to this action ever acquired a lien on the proceeds derived from the royalty, the order of priority as between judgment creditors should be based upon chronological order of entry of judgment. Since its judgment antedates appellees' judgments. M–J Perri insists that it should be accorded senior priority. We disagree.

In Colorado, an oil and gas royalty constitutes an interest in real property. *Globe Drilling Co. v. Cramer,* 39 Colo.App. 153, 562 P.2d 762 (1977). Since the funds held here represent Murata's royalty interest

and do not constitute proceeds as such, the trial court correctly established priority to the accumulated funds as being in the order of the filing of transcripts of judgment in Weld County by Murata's creditors. Section 38–35–109, C.R.S.1973 (1980 Cum. Supp.); *see Routt County v. Stutheit*, 101 Colo. 254, 72 P.2d 692 (1937); *see generally Colorado v. Benjamin*, 41 Colo.App. 520, 587 P.2d 1207 (1978) and *Valley State Bank v. Dean, supra.*

## II.

Appellee Fort Lupton contends that the trial court should have allowed it interest on its judgment. This contention of error was not raised in a motion for new trial and, therefore, will not be considered on appeal. C.R.C.P. 59(f); *Colorado v. Benjamin, supra.*

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.