Diane L. **TIGHE, d/b/a American Painting Company, Plaintiff-Appellee and Cross-Appellant,**

v.

Gary B. **KENYON; Kathleen Kenyon; Bruce McCann, and Victor McCann, d/b/a Custom Kraft Homes, Defendants-Appellants and Cross-Appellees.**

**No. 80CA1227.**

Colorado Court of Appeals, Div. I.

April 19, 1984.

Kleinsmith, Johnson & Pederson, P.C., Roger D. Johnson, Colorado Springs, for plaintiff-appellee and cross-appellant.

Rector, Retherford, Mullen & Johnson, Anthony A. Johnson, Neil C. Bruce, Colorado Springs, for defendants-appellants and cross-appellees Gary B. Kenyon and Kathleen Kenyon.

Isaac, Johnson & Alpern, Kenneth P. Myers, Colorado Springs, for defendants-appellants and cross-appellees Bruce McCann and Victor McCann.

PIERCE, Judge.

The appeals presented here result from judgments entered in an action to foreclose mechanics' liens against property owned by Gary and Kathleen Kenyon (owners), and in breach of contract actions initiated by a subcontractor and the general contractor against the owners. We affirm.

In 1977, the owners contracted with Bruce and Victor McCann, d/b/a Custom Kraft Homes (the contractor), for the construction of a residence. The contractor then hired various subcontractors, including Diane L. Tighe, d/b/a American Painting Company (Tighe), who furnished labor and materials during various phases of the construction process.

In September 1978, after the owners took possession of the home, a number of subcontractors, including Tighe, served notice of intent to claim a mechanic's lien upon the owners and the contractor. The contractor then cross-claimed against the owners for agreed-upon costs of additional labor and materials used in the construction of the home. In response, the owners cross-claimed against the contractor, claiming a right to set-off and damages for breach of contract and breach of express and implied warranties.

Tighe's claims, which included allegations of breach of contract in addition to the claim for a mechanic's lien, were tried to the court, and from the judgment for Tighe, the owners appeal.

The cross-claims asserted by the owners and the contractor were tried before a jury which returned verdicts: (1) for the contractor on its claim for additional costs; (2) for the owners on their claim of breach of implied and express warranties; and (3) for the owners on their claim for breach of contract. The owners appeal the nominal damages award returned on their breach of contract claim as inadequate as a matter of law.

Subsequent to the jury trial, the owners also moved to dissolve the mechanic's lien filed by contractor and for attorney's fees, asserting the contractor had filed an excessive lien. *See* § 38–22–128, C.R.S. The trial court ruled in favor of the contractor.

## I. *The Owners v. Tighe*

Concerning the appeal brought by the owners against Tighe, the facts are not disputed.

The contractor and Tighe agreed that Tighe would provide the labor and materials for interior and exterior painting of the owners' residence. Tighe completed the interior painting without complaint from the owners; however, when the exterior painting was completed, the owners expressed dissatisfaction to Tighe. Thereafter, in direct negotiation between Tighe and the owners, the parties agreed that Tighe would provide additional paint samples from which the owners could select the appropriate color for the residence exterior. After selecting the color desired, the owners signed a written authorization to proceed, and Tighe repainted the exterior of the residence.

Tighe did not receive full payment for the labor and materials under either contract and, therefore, served notice upon the owners and the contractor of intent to claim a mechanic's lien. The notice set forth Diane L. Tighe, d/b/a American Painting Company, as the name of the lien claimant.

The owners moved for dismissal during trial on grounds that the combined notice of intent to claim a mechanic's lien and lien statement did not list the names of all employees who had actually painted the residence. Citing § 38–22–109(1)(b), C.R.S., and *Ridge Erection Co. v. Mountain States Telephone & Telegraph Co.*, 37 Colo.App. 477, 549 P.2d 408 (1976), the owners argued this omission resulted in a lien statement which was defective and, therefore, invalid and unenforceable. The trial court agreed and dismissed the action at the conclusion of Tighe's case, but later granted a new trial.

At the end of the second trial, the trial court first concluded that Tighe, having a valid lien against the property, was entitled to entry of a decree foreclosing the lien against the property as to all work done by Tighe.

Concerning Tighe's claim for breach of contract, the court found Tighe had completed performance under the second contract and was entitled to a personal judgment against the owners for cost of labor and materials, plus interest for all work performed.

### A. *Validity of the Lien*

The first issue presented is whether the combined notice of intent to claim a lien and lien statement is defective because names of those employees who painted the residence were omitted.

■ Before any person may claim the right to assert a mechanic's lien, he must demonstrate that he is a member of a class to which the remedy of the mechanic's lien is afforded. Section 38–22–101, et seq., C.R.S.; *Damrell v. Creagar*, 42 Colo.App. 281, 599 P.2d 262 (1979).

Section 38–22–109(1)(b), C.R.S., provides as follows:

"Any person wishing to avail himself of the provisions of this article shall file for record ... a statement containing:

. . . .

(b) [T]he name of the person *who furnished the material or performed the labor* for which the lien is claimed, and the name of the contractor when the lien is claimed by a subcontractor or by the assignee of a subcontractor, or, in case the name of such contractor is not known to a lien claimant, a statement to that effect;" (emphasis added)

■ Although this portion of the statute is mandatorily phrased, the mechanic's lien statute, § 38–22–101, et seq., C.R.S., is to be liberally construed in favor of the lien claimant. *Ridge Erection Co., supra.* The purpose of § 38–22–109(1)(b), C.R.S., is "to assure that the owner is given notice of liens filed by persons with whom he has not dealt directly." *First National Bank v. Sam McClure & Sons, Inc.*, 163 Colo. 473, 431 P.2d 460 (1967). Because the statute provides a remedy which is a creature of statute, a claimant must substantially comply with its provisions. *Greeley, S.L. & P.R. Co. v. Harris*, 12 Colo. 226, 20 P. 764 (1888).

■ Here, we hold that Tighe complied with § 38–22–109(1)(b), C.R.S., when her

notice set forth her name as the name of the person who furnished the labor and materials. The contracts were made with her, and not with her employees, and she thus had standing to claim a lien under the statute. Under these circumstances, the names of persons who actually painted the residence were not required. This situation differs from that in *Ridge Erection Co., supra,* where the court ruled that trustees who held rights to certain unpaid fringe benefit contributions under labor contract did not hold an interest which was part of the value of "labor done" claimable under § 38–22–101(1), C.R.S.

▪ Moreover, as to the second contract, where a subcontractor has dealt directly with an owner in furnishing authorized labor and materials, that subcontractor is treated as a principal contractor for purposes of notice, and the notice requirement of the mechanic's lien statute is dispensed with and not required. *First National Bank v. McClure, supra.*

▪ Accordingly, we hold the trial court properly entered a decree foreclosing the mechanic's lien filed by Tighe against the owners' property.

### B. *The Personal Judgment*

Next, the owners contend the trial court erred when it entered judgment for Tighe on the theory of breach of contract. We disagree.

▪ Section 38–22–124, C.R.S., provides that no remedy set forth within the general mechanics' lien statute "shall be construed as preventing any person from enforcing any other remedy which he otherwise would have had, except as otherwise provided in this article." A lien claimant may pursue his remedy for a money judgment notwithstanding his right to a lien. *Hayutin v. Gibbons,* 139 Colo. 262, 338 P.2d 1032 (1959).

Because the findings of fact entered by the trial court in regard to Tighe's claim of breach of contract are supported by the record and the appropriate legal principles were applied, we will not disturb this judgment upon review. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792 (1979).

Accordingly, the judgment for Tighe on her breach of contract claim is affirmed.

### II. *The Owners v. The Contractor*

### A. *The Jury Verdict*

The owners next contend that the nominal damages award returned by the jury on their breach of contract claim is inadequate as a matter of law. We disagree.

▪ The assessment of damages is within the exclusive province of the jury. *Brown v. McPherson,* 132 Colo. 149, 286 P.2d 342 (1955). To recover actual damages for a breach of contract, the injured party must present sufficient evidence to prove the amount of damages incurred. *Globe Drilling Co. v. Cramer,* 39 Colo. App. 153, 562 P.2d 762 (1977). Where a breach of contract is proved, but such breach has not been shown to have caused any loss, or if a loss is shown but the amount is not, a jury may award a small sum, without regard to the amount allegedly lost, as nominal damages. *General Insurance Co. v. City of Colorado Springs,* 638 P.2d 752 (Colo.1981).

▪ Here, the jury evidently believed that evidence presented by the owners established the breach of various express provisions within the contract between the owners and the contractor. Therefore, we can only conclude that it then complied with the trial court's instruction concerning computation of damages for breach of the contract, which included a provision directing the award of nominal damages if the jury did not find any actual damages. Because the evidence concerning damages was conflicting, the jury verdict and award of nominal damages finds support within the record. Hence, we affirm the jury verdict and award concerning the breach of contract.

### B. *The Motion to Dissolve Mechanic's Lien*

Next, the owners assert the contractor filed an excessive lien, and thus, the trial

court erred in denying their motion to dissolve that lien, and for attorney's fees. *See* § 38–22–128. Although the contractor had filed a motion to foreclose on the mechanic's lien, the trial court did not determine whether a judgment or decree of foreclosure could enter upon this lien until, upon remand by this court, it entered appropriate findings and conclusions.

Upon that remand, the trial court found that the jury had returned a verdict for the contractor on its claim for additional costs in an amount of $8,750, and returned a verdict in favor of the owners on their claims of breach of contract and implied warranty in the amount of $14,001. The court then concluded that the award to the contractor must be offset by the amount awarded the owners. Because, however, our statutes provide for entry of one judgment or decree, the trial court then concluded that the mechanic's lien had been forfeited and that no valid mechanic's lien existed upon which judgment and a decree of foreclosure could enter.

The trial court's determination that the awards received by the parties resulted in forfeiture of the contractor's mechanic's lien presupposes the existence of a valid lien at the time of filing. Thus, the trial court's prior determination, that the lien

filed was not excessive, which involved a finding of fact supported by the record before us, will not be disturbed upon review. *Page v. Clark, supra.*

### III.

Finally, the contractor asserts three claims on cross-appeal concerning the trial court's denial of its motion to exclude testimony of the owners' expert witness concerning the cost of repairs and unworkmanlike performance of construction, and its motion for a jury view of the premises. Each of these contentions is without merit. CRE 702; *Starkey v. Bryan,* 166 Colo. 43, 441 P.2d 314 (1968); *Connell v. Sun Exploration & Production Co.,* 655 P.2d 426 (Colo.App.1982); C.R.C.P. 47(k); *Mogote-Northeastern Consolidated Ditch Co. v. Gallegos,* 70 Colo. 550, 203 P. 668 (1922).

Accordingly, the judgments entered by the trial court are affirmed.

VAN CISE and BABCOCK, JJ., concur.