Dawn M. **LEYDEN**, f/k/a Dawn M. Howe, Plaintiff–Appellee,

v.

**CITICORP INDUSTRIAL BANK**, Pamela Sue Evans, and Debra Lynn Evans, Defendants–Appellants.

No. 86CA0697.

Colorado Court of Appeals, Div. II.

April 7, 1988.

Rehearing Denied May 5, 1988.

Certiorari Granted (Leyden) Oct. 11, 1988.

Constantine Anderson & Tobey, P.C., Kevin J. O'Brien, Englewood, for plaintiff-appellee.

Loser, Davies, Magoon & Fitzgerald, James J. Zak, James M. Edwards, Deborah A. Sperlak, Denver, for defendants-appellants.

SMITH, Judge.

Defendants, Citicorp and the Evanses, appeal from a summary judgment which imposed an equitable lien upon a parcel of real estate and granted attorney fees to plaintiff. We reverse.

In a dissolution action, the trial court awarded to plaintiff Tommy Howe the marital home which was owned by Tommy and his mother. In return, the court ordered Tommy Howe to execute a promissory note in favor of plaintiff for the sum of $10,000, with interest at the rate of 11%, to become due when a) Tommy Howe or his mother died, b) Tommy Howe or his mother ceased to occupy the home as a residence, c) the property was sold, or d) in any event on August 20, 1990. The note provided for the recovery of reasonable attorney fees in the event collection proceedings were necessary.

Subsequent to the decree of dissolution, plaintiff recorded a copy of the trial court's judgment and decree in the public records of the county where the property is located. It contained the legal description of the property and its recordation gave notice to all interested parties of plaintiff's interest, if any, as reflected in the said judgment and decree. The decree does not disclose any intention on the part of the court to provide any type of security for payment of the note.

Subsequent to recording of the decree, Citicorp made a loan to Tommy secured by a deed of trust on the subject property. Tommy thereafter filed for bankruptcy, abandoned all interest in the property, and the obligation of the note was discharged. Defendant Citicorp, with leave of the bankruptcy court, foreclosed and received a public trustee's deed to the property. It subsequently conveyed the property by warranty deed to the Evanses.

Plaintiff instituted this action seeking imposition of an equitable lien on the property which would be superior to any right, interest, or claim of any of the defendants, and an award of attorney fees pursuant to the terms of the note.

## I.

■■ Defendants contend that the language of the dissolution decree was not sufficient to create either a legal or an equitable lien on the property and that, recording of the judgment and decree only operated to put any interested party on notice of the possibility of a claim, under the decree, by plaintiff. We agree.

■■ An equitable lien may arise either from a written contract which shows an intention to charge a particular property with a debt, or may be declared by a court of equity out of general considerations of justice as applied to the relations of the parties and the circumstances of their dealings. Such lien is valid as against all persons who acquire an interest with knowledge of the lien. *Valley State Bank v. Dean*, 97 Colo. 151, 47 P.2d 924 (1935); *Fort Lupton State Bank v. Murata*, 626 P.2d 757 (Colo.App.1981); *Barocas v. Bohemia Import Co. Inc.*, 33 Colo.App. 263, 518 P.2d 850 (1974).

Here, a review of the trial court's order, entered as part of the decree of dissolution, discloses that the due date of the note would be accelerated upon sale of the home or on the occurrence of two other circumstances which did not involve sale, if they occurred first. However, the court did not impose any duty on husband to make payment from the proceeds of such sale, nor did the court expressly order that husband execute a deed of trust, or other security instrument, to secure payment of the note. In the absence of the imposition of either of these duties, or any other indication to the contrary, we conclude that the dissolution court did not intend to create any security interest in favor of wife. Consequently, under the circumstances here, the imposition of an equitable lien was error.

## II.

Because of our reversal of the judgment and determination that no lien exists here,

it is unnecessary for us to address defendant's argument with respect to the propriety of an award of attorney fees.

Accordingly, the judgment of the trial court is reversed.

BABCOCK and PLANK, JJ., concur.