NELS AMUNDSON AND FLORENCE AMUNDSON, HUS-BAND AND WIFE, PLAINTIFFS AND APPELLANTS, *v.* LOUISE M. GORDON, WARREN PETROLEUM CORPORATION, A CORPORATION, DEFENDANTS AND RESPONDENTS.

No. 9722.

Submitted March 18, 1958. Decided July 11, 1958.

As Amended on Denial of Rehearing August 7, 1958.

328 Pac. (2d) 630.

Ralph J. Anderson, Stanley P. Sorenson, Helena, for appellants. Ralph J. Anderson, Helena, argued orally.

Coleman, Lamey, & Crowley, Billings, James P. Lucas, Miles City, for respondent. Cale Crowley, Billings, and James P. Lucas argued orally.

MR. JUSTICE ANGSTMAN:

This is an appeal by plaintiffs from a judgment in favor of defendants in a suit to quiet title to certain described property being Sec. 4, T. 15 N., R. 34 E., and Sec. 32, T. 16 N., R. 34 E., situated in the County of Garfield.

Plaintiffs, in their complaint, allege they are the owners in fee simple of the lands; that the defendant, Louise M. Gordon, a widow, claims and asserts some right, title and interest in and to the oil, gas and mineral rights in the lands; that the defendant, Warren Petroleum Corporation, a corporation, is the present owner and holder of an oil and gas lease from Louise M. Gordon; and that the lease is void and without consideration because the lessor was without any right, title or interest in the oil, gas and mineral rights attempted to be leased by her.

The separate answer of the defendant, Warren Petroleum Corporation, puts in issue the material allegations of the complaint, and contains affirmative defenses. These defenses, in substance, contain portions of a contract of sale between plaintiffs, and the defendant Louise Gordon and her husband, which will hereafter be discussed and which contract the corporation alleges gave plaintiffs a one-half interest in the minerals, defendant Gordon the other one-half interest, and that it holds a valid oil and gas lease from each.

The answer of defendant, Louise Gordon, puts in issue the material allegations of the complaint and asserts ownership of an undivided one-half of all oil, gas and other minerals in and under the land; and that she executed an oil and gas lease to defendant Corporation.

The reply puts in issue the affirmative allegations of the answers.

The facts are not in dispute. John H. Gordon and his wife, Louise M. Gordon, in January 1945, entered into a contract to sell the real property described in the complaint to plaintiffs. That contract contained this clause:

"And it is further agreed that, any oil and mineral rights now owned by the parties of the first part [the Gordons] is to be divided equally as between the parties of the first and second parts."

John H. Gordon thereafter assigned his interest in the contract to his wife, Louise. The assignment contained this clause.

"* * * I hereby authorize my said wife to transfer any

interest I may have therein to the purchaser or any and all interest that we or either of us have therein; it being the intention of the undersigned to transfer and assign any interest of any kind that he may have in the said contract and upon payment in full and compliance with all of the terms of the said contract to transfer any interest that either of us may have, title to all the property."

John Gordon thereafter died. On June 10, 1947, Louise Gordon executed a warranty deed to plaintiffs. That deed contained this clause:

"Excepting and reserving to the grantor, her heirs, executors and assigns, an individed one-half of all oil, gas and other minerals, on, in and under, and that may be produced from the lands described herein."

When the Gordons acquired title to Section 4 of the land above-described, there had been reserved a 6¼ per cent of all oil, gas and other minerals underlying the surface. The deed by Louise Gordon to plaintiffs was made subject to that reservation.

On October 31, 1951, Mrs. Gordon made a so-called correction deed. This deed contained this clause:

"All oil, gas and other mineral rights owned by the party of the first part [Gordon] herein are to be equally shared by the party of the first part and the parties of the second part herein. This deed is intended to be and is a correction deed for that certain warranty deed made between the same parties dated the 10th day of June, 1947, covering the same lands and premises described herein * * * This conveyance shall be subject to all easements of the public for highways and other purposes and to all reservations and exceptions of minerals or for other purposes made prior and now appearing of record."

The record discloses that plaintiffs and defendant, Louise Gordon, at different times and by different instruments executed oil and gas leases of the land to Starr Cook, who sold the leases to defendant, Warren Petroleum Corporation. Each lease contained this clause:

"If said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties and rentals herein provided shall be paid the lessor only in proportion which his interest bears to the whole and undivided fee."

The trial court found that Louise Gordon is the owner of an undivided one-half of all the oil, gas and other minerals in or under the real property involved, and the plaintiffs of the other one-half interest. The court also found that Louise Gordon is the owner of a 50 per cent royalty in all oil, gas and other minerals produced and saved from the land and that plaintiffs have a 50 per cent royalty interest in Sec. 32 and a 43¾ per cent royalty interest in Section 4. The court also found that the title of both plaintiffs and defendant, Louise Gordon, are subject to the terms of the two leases held by defendant, Warren Petroleum Corporation.

Plaintiffs have appealed from the judgment.

The issue to be determined is the intention of the parties as set forth in the contract of sale, the reservation in the warranty deed from Louise M. Gordon to plaintiffs, and the correction deed from Louise M. Gordon to plaintiffs.

It is plaintiffs' contention that defendant Gordon has no interest in the minerals under the land, or if so that it is but a royalty interest which does not entitle her to bonuses or delay rentals and does not give her the right to lease the land for oil and gas purposes. Likewise plaintiffs contend that instead of them having a royalty interest of 43¾ per cent in Section 4, it should be 46⅞ per cent.

As above-noted our province is to ascertain and declare the intention of the parties as shown by the language employed in the writings. Krutzfeld v. Stevenson, 86 Mont. 463, 284 Pac. 553. Plaintiffs contend that those writings are ambiguous and thus explainable by parol evidence. We do not agree with this contention. The language employed in the writings is plain and unambiguous. It can mean only one thing.

The parties were to share equally in any oil, gas and other mineral rights owned by the sellers, the Gordons.

The writings do not confine the sharing of the parties to landowners' royalties, but to "all oil, gas and other mineral rights." That the parties were to share equally in the mineral rights, there can be no question. Compare Marias River Syndicate v. Big West Oil Co., 98 Mont. 254, 38 Pac. (2d) 599, and Rist v. Toole County, 117 Mont. 426, 159 Pac. (2d) 340, 162 A.L.R. 406.

As to Sections 4 and 32, plaintiffs own 50 per cent of the mineral fee, and defendant, Louise Gordon, owns 50 per cent of the mineral fee.

But plaintiffs also contend, and correctly so, that as to Section 4 the trial court was in error in holding the plaintiffs' share of the landowner's royalty was 43¾ per cent. According to the writings, the parties were to share equally in all mineral rights and interests owned by the Gordons at the time the contract of sale was made. It is undisputed that in a prior transaction John Gordon had acquired the E½ of Section 4 from Garfield County, that deed containing the following exception and reservation in Garfield County:

"* * * a royalty interest of Six and One-Fourth per cent of all oil, gas and minerals recovered and saved from the lands above described, which, in the case of oil or gas, shall be delivered free of cost, to the credit of the grantor, its successors or assigns, into the pipe line to which the operator or producer shall connect his wells, or, at the option of the operator, this grantor, its successors or assigns, shall be paid the Six and One-Fourth per cent of the market value of all such oil or gas produces [sic] and saved from the land, at the time of production and in the field where produced, without deduction of operation or other costs whatsoever."

It is likewise undisputed that in a prior transaction John Gordon had acquired the W½ of Section 4 from the Dayton Bluff Investment Company, the deed containing the following

exception and reservation in Dayton Bluff Investment Company:

"Excepting and reserving 6¼ per cent of all oil, gas and minerals underlying the surface thereof. Such reservation is what is commonly referred to as landowner's interest and in case of production, is to be deducted from the share grantee would otherwise receive, without deduction of any kind."

Accordingly, at the time of the execution of the contract of sale between the parties, the Gordons then owned 100 per cent of the mineral fee in Sections 4 and 32, but there had been previously carved out of the landowner's royalty in Section 4 the foregoing royalty interests previously reserved by Garfield County and by Dayton Bluff Investment Company. The mineral rights and interests then owned by the Gordons in Section 4 were subject to the foregoing prior recorded exceptions and reservations. For the parties to share equally in all mineral rights and interests owned by the Gordons at the time the contract of sale was executed, the 50 per cent retained by the defendant, Louise Gordon, and the 50 per cent conveyed to the plaintiffs, were each subject to the prior exceptions and reservations of record. In other words, the trial court insofar as Section 4 is concerned, should have decreed that the plaintiffs were entitled to 50 per cent of the mineral interests in the E½ of Section 4 subject to one-half of 6¼ per cent of the interest reserved by Garfield County in that tract of land, and that the defendant, Louise Gordon, was likewise entitled to 50 per cent of all mineral rights and interests in the E½ of Section 4, subject to the remaining one-half of 6¼ per cent of the prior reservation in Garfield County. As to the W½ of Section 4, the trial court should have decreed that the plaintiffs were entitled to 50 per cent of the mineral interests, subject to one-half of 6¼ per cent of the interest reserved by Dayton Bluff Investment Company in that tract of land, and that the defendant, Louise Gordon, was likewise entitled to 50 per cent of all mineral rights and interests in the W½ of Section 4, subject to the remaining one-half of 6¼

per cent of the prior reservation in Dayton Bluff Investment Company.

As to Section 32, plaintiffs and defendant, Louise Gordon, each are entitled to a separate 50 per cent interest in all the mineral rights including landowner's royalty and mineral fee.

The plaintiffs and the defendant Gordon, after the conveyance, were the owners of separate mineral interests and became the owners of the oil and gas mineral rights as tenants in common. Each tenant in common as the owner of a mineral interest may separately lease such mineral interest. Hochsprung v. Stevenson, 82 Mont. 222, 266 Pac. 406; Marias River Syndicate v. Big West Oil Co., supra; Taylor v. Brindley, 10 Cir., 1947, 164 F. (2d) 235; Earp v. Mid-Continent Petroleum Corp., 167 Okl. 86, 27 Pac. (2d) 855, 91 A.L.R. 188.

In respect to the oil and gas leases held by defendant, Warren Petroleum Corporation, there was competent and substantial evidence to support the conclusion and decree of the trial court that the leases were valid and the defendant corporation is the owner of all rights in the lands as lessee under the terms and provisions of the oil and gas leases.

Judgment is ordered modified so as to decree that plaintiffs, and the defendant, Louise Gordon, are each entitled to 50 per cent of all mineral rights and mineral interests in Section 4, each separate interest, however, to be subject to one-half of $6\frac{1}{4}$ per cent, respectively, of the interests in that section previously excepted and reserved by Dayton Bluff Investment Company and by Garfield County, and as thus modified, the judgment will stand affirmed.

Appellants shall recover one-third of their costs on appeal.

The motion for rehearing is denied.

MR. CHIEF JUSTICE HARRISON, MR. JUSTICES CASTLES and ADAIR, and THE HONORABLE JACK R. LOUCKS, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.