Tommy Neal Board of Land Commissioners Department of Natural Resources 620 Centennial Bldg. 1313 Sherman St. Denver, CO 80203
Dear Mr. Neal:
I am writing in response to the request of February 24, 1982 from the Board of Land Commissioners for a formal legal opinion on whether the board can sell royalty interests to minerals in and under state lands.
QUESTION PRESENTED AND CONCLUSION
Is the Board of Land Commissioners prohibited by C.R.S. 1973,36-1-125(1) (Supp. 1981) from selling royalty interests to minerals in and under state lands?
The answer is "yes."
ANALYSIS
The Board of Land Commissioners (hereinafter "the Board") is required in the sale of state or school lands to
 reserve to the state all rights to all minerals, ores, and metals of any kind and character, and all coal, asphaltum, oil, gas, or other like substances . . . and all geothermal resources and the right of ingress and egress for the purpose of mining, together with enough of the surface of the same as may be necessary for the proper and convenient working of such minerals and substances.
(Emphasis added.) C.R.S. 1973, 36-1-125(1) (Supp. 1981).
That section prohibits the sale of "all rights to all minerals" in and under state lands by requiring their reservation in a sale of state lands. Thus, if royalty interests are one of the "rights" to a mineral, then such prohibition also applies to the sale of royalty interests. As the following analysis demonstrates, royalty interests are a right to a mineral.
A basic principle of mineral law is that a mineral estate may, by grant or reservation, be severed from the surface estate creating a mineral estate in fee simple. Simson v. Langholf,133 Colo. 208, 293 P.2d 302 (1956). The royalty interest is simply one of the rights accruing to such mineral estate. Pierce v.Marland Co., 86 Colo. 59, 63, 278 P. 804, 805 (1929);Amundson v. Gordon, 134 Mont. 142, 328 P.2d 630 (1958);Schlittler v. Smith, 128 Tex. 628, 101 S.W.2d 543
(1937); Martin v. Snuggs, 302 S.W.2d 676
(Tex.Civ.App. 1957); Rocky Mountain Mineral Law Foundation, 2American Law of Mining, § 15.15 at 159 (1981); Tippit, Creating Mineral and Royalty Interests, 29 Dicta 186 (1952). A royalty interest "is the compensation provided in the lease for the privilege of drilling for and producing oil and gas and consists of a share of the oil andgas produced or the profits therefrom. . . ." (Emphasis added). Simson v. Langholf, 133 Colo. at 215,293 P.2d at 306. Moreover, under Colorado law, a royalty interest in an oil and gas lease is an interest in real property and is distinguishable from the mere proceeds of the lease. FortLupton State Bank v. Murata, 626 P.2d 757 (Colo.App. 1981).See also Page v. Fees-Krey, Inc., 617 P.2d 1188,1194 (Colo. 1980); Globe Drilling Co. v. Cramer,39 Colo. App. 153, 562 P.2d 762 (1977). Based on the characterization of a royalty interest as one of the rights of the mineral estate and as a right to a share of the mineral, it must be concluded that a royalty interest is one of the "rights to all minerals" which are prohibited from sale. This conclusion is reinforced by the requirement of C.R.S. 1973, 36-1-113(1) (Supp. 1981) that if the state leases mineral rights, royalties must be paid to the board.
SUMMARY
In conclusion, it is my opinion that a royalty interest is properly characterized as a mineral right which must be reserved and cannot be sold pursuant to C.R.S. 1973, 36-1-125(1). If you have additional questions on this matter, please do not hesitate to contact me.
Very truly yours,
 J.D. MacFARLANE Attorney General
MINERAL ESTATE MINERAL RIGHTS MINES AND MINING
C.R.S. 1973, 36-1-125(1)
NATURAL RESOURCES Land Commissioners, State
Royalty interests to minerals in and under state lands are prohibited from sale by C.R.S. 1973, 36-1-125(1).