No. 82-62

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

FRANCES V. JARRETT,

Plaintiff and Respondent,

vs.

LEO R. JARRETT, ADA M. CASSADY,
JACK JARRETT and DORA JARRETT,

Defendants and Appellants.

Appeal from:  District Court of the Fourteenth Judicial District,
In and for the County of Musselshell
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Robert W. Holmstrom argued, Billings, Montana

For Respondent:

John L. Pratt argued, Roundup, Montana

Submitted:  January 19, 1983

Decided:  February 18, 1983

Filed:  FEB 1 8 1983

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This action is for partition of a ranch by one of the tenants in common. It was heard by the District Court of the Fourteenth Judicial District, Musselshell County, which decided that the respondent did have the right to partition. Based on the stipulation of the parties that the ranch could not be physically divided, the court ordered the property sold, the proceeds to be divided among the cotenants.

Jack and Dora Jarrett owned the family ranch in Musselshell County. The ranch had been in Mrs. Jarrett's family for approximately 100 years.

In 1972, as part of an estate plan, they began gifting the ranch to their children, James L. Jarrett, Leo R. Jarrett, and Ada M. Cassady, as tenants in common. This gifting program was completed in 1976, thereby giving each child an undivided 1/3 interest in the property.

In 1973 the three children entered into a one-year lease of the property with their parents. Under the lease the parents paid all the taxes and maintained the improvements. These duties constituted their rental payments. The lease also contained a provision that it was to be automatically renewed annually unless terminated in writing by either of the parties at least thirty days prior to the expiration of the annual term.

All the income from the ranch went to the parents, including oil and gas lease payments, which all the children assigned to them.

In 1980, James L. Jarrett, one of the children, died. At that time his wife, Frances V. Jarrett, inherited his 1/3 interest in the ranch. In June 1981, Frances brought an action for partition of the ranch, and the parties stipulated she was the owner of an undivided 1/3 interest in the property.

Three issues are presented in this case:

1. Whether an implied agreement between the cotenants and parents waived their right to partition?

2. Whether the court should have imposed a resulting trust upon the parties to prevent partition?

3. Whether or not the sale of the ranch ordered by the District Court, because it could not physically be partitioned, should be made subject to the lease of 2/3 of it to Jack and Dora Jarrett?

Section 70-29-101, MCA, authorizes partition. That section reads as follows:

> "Action for partition authorized--who may bring. When several cotenants hold and are in possession of real property as joint tenants or tenants in common, in which one or more of them have an estate of inheritance or for life or lives or for years, an action may be brought by one or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for a sale of such property or a part thereof if it appears that a partition cannot be made without a great prejudice to the owners."

From the wording of that section, it may appear that the right to partition is absolute. However, in Lawrence v. Harvey (1980), _____ Mont. _____, 607 P.2d 551, 37 St.Rep. 370, this Court has declared it is not, where it states:

> "Although there are no Montana cases directly on point, the general rule is that a cotenant is entitled to partition as a matter of right, and not merely as a matter of grace within the discretion of the court. While the right is sometimes said to be absolute, partition may be denied where it would be against public policy or legal or equitable principles, and the right may in appropriate circumstances be waived by agreement of the parties. 68 C.J.S. Partition § 21; 59 Am.Jur.2d Partition § 30; 4 Thompson on Real Property § 1822 (1979); 2 Tiffany on Real Property § 474 (3rd Ed. 1939); 4A Powell on Real Property § 611 (1949)." 607 P.2d at 555, 556.

The appellants contend that the existence of an agreement waiving partition is implied here because of the family understanding to allow the parents to live on the land until their deaths. We do not agree. The testimony of Leo R. Jarrett, the surviving son points to the absence of any agreement, as he testified that there was never any specific discussion or agreement on whether the cotenants could or could not partition. Furthermore, the testimony of Ada M. Cassady, the Jarrett's

- 3 -

daughter, and one of the cotenants, makes clear the lack of agreement, express or implied, where she testified that her brother Jim, prior to his death, stated that he could legally claim a portion of the ranch.

It must be understood that "[c]otenants have the right to equal access and use of the property held in common . . . ." Toeckes v. Baker (1980), ___ Mont. ___, 611 P.2d 609, 612, 37 St.Rep. 948. To imply an agreement waiving partition under the circumstances of this case would deprive Frances Jarrett, one of the cotenants, of her rights to the property.

The next issue that must be addressed is whether there was a resulting trust in favor of the parents.

Both sides raise the same case when speaking of resulting trust. Eckart v. Hubbard (1979), ___ Mont. ___ 602 P.2d 988, 36 St.Rep. 2061. In that case we stated:

> "A resulting trust occurs where, as a result of certain acts, a court finds that there is an implied intent to create a trust and imposes a trust to achieve an equitable result. Usually resulting trusts involve cases where the parties have used ambiguous language which the court construes as showing a trust intent, or where the parties have expressed no intent to create a trust by words, but have performed acts from which the court infers that a trust was intended. Bogert, supra, § 71, p. 262." 602 P.2d at 991.

In the present case it is not contended that the language used by the parties was ambiguous. The deeds conveying the fee title of the land to the children are clear, as are the terms of the lease between the parents and children. It is claimed that the parties' actions show that the parents were to have the beneficial use of the land. However, these actions were based on the terms of the lease. Therefore, there is no resulting trust.

The final issue to be addressed is whether or not the ranch property should be sold subject to a lease on 2/3 of it from Leo R. Jarrett and Ada M. Cassady to Jack and Dora Jarrett. The District Court's determination that it should not be sold subject to such a lease is correct.

It is true a tenant in common may lease his interest in pro-

perty to anyone he wishes. Hochsprung v. Stevenson (1928), 82 Mont. 222, 266 P. 406; Amundson v. Gordon (1958), 134 Mont. 142, 328 P.2d 630. However, the lease in question here is not a lease by each cotenant of his or her interest in the ranch property to the parents, but is a lease by all of the cotenants of the entire ranch property. This lease of the entire property expired January 3, 1982, subsequent to the date on which Frances sent her notice of termination, and prior to the District Court's final judgment of January 28, 1982. Under these circumstances, in order for the automatic renewal provision in the lease, which in effect is a new lease of the entire property each year, to be effective all the cotenants must agree to or ratify the lease, because it is a well-settled principal of the law that:

> "In order to make a binding lease of the entire common property, all of the co-owners must act, either jointly or severally, for it is well settled that one cotenant has no power to lease the entire estate, or any specific portion thereof, unless he is duly authorized to do so by the other cotenants. If one of the co-owners should purpose to make an unauthorized lease of this kind, it is in no way binding upon the interests of the other owners." (Emphasis added.) 20 Am.Jur.2d Cotenancy on Joint Ownership § 100. (See also Powell on Real Property, Vol. 4A, § 608.)

Frances Jarrett's notice of termination, which would only be effective as to her 1/3 interest under circumstances other than a new lease, 20 Am.Jur.2d Cotenancy and Joint Ownership §100, indicates that she neither agreed to nor in any way ratified the renewal of the lease for 1982. Therefore, the automatic renewal provision cannot take effect, because as pointed out above, it is in effect a new lease of the entire property and thus needs the agreement or ratification of all the cotenants.

For the foregoing reasons, the judgment of the District Court is affirmed.

X. C. Gulbrankson
——————————————————
Justice

We corcur:

_____
Chief Justice

_____

_____

_____
Justices