**In re Leslie Bonnie GARVIN and James Brent Garvin, Debtors.**

No. 00–22602–7.

United States Bankruptcy Court, D. Montana.

Jan. 26, 2001.

Ross P. Richardson, Butte, MT, Chapter 7 Trustee.

## ORDER

RALPH B. KIRSCHER, Bankruptcy Judge.

In this Chapter 7 bankruptcy, the Trustee filed an Objection to Debtors' Claimed Exemptions on November 29, 2000, requesting that Debtors claim of exemption in a 1991 GMC Suburban be limited to $2,500.00. Debtors filed a Response to the Trustee's Objection on December 11, 2000, arguing that debtors who file a joint bankruptcy petition are each entitled to a $2,500 motor vehicle exemption by virtue of 11 U.S.C. § 522(m). After due notice, hearing on the Trustee's Objection was held December 19, 2000, at Butte. The Chapter 7 Trustee appeared at the hearing in support of his Objection and Debtors appeared, *pro se*, in opposition thereto. No testimony was taken and no exhibits were offered into evidence. At the conclusion of the hearing, the Court granted Debtors until January 2, 2001, to file a brief in response to the Trustee's Objection and granted the Trustee ten days thereafter to respond. Both parties' have filed their respective post-hearing briefs. Accordingly, the Court deems the matter submitted and ready for decision.

At issue in this case is whether joint debtors are each allowed, under Montana law, to claim a motor vehicle exemption in the same motor vehicle. Montana has opted out of the federal exemption

scheme by means of Mont.Code Ann. § 31–2–106.[1] *In re Schmitz*, 16 Mont. B.R. 512, 515 (Bankr.Montana 1998); *In re Mackenzie*, 16 Mont. B.R. 338, 340 (Bankr. Mont.1998). Thus, debtors must look to state law, rather than federal law, to determine the scope of their allowable exemptions. *See* Mont.Code Ann. § 25–13–601, et. seq. When examining the scope of allowable exemptions, it is a well-settled principal that under Montana law, exemption statutes should be liberally construed in favor of debtors. *In re Schmitz*, 16 Mont. B.R. 512, 515 (Bankr.Montana 1998); *In re Mackenzie*, 16 Mont. B.R. at 343; *Glass v. Hitt (In re Glass* ), 60 F.3d 565, 570 (9th Cir.1995); *In re Gagne*, 10 Mont. B.R. 200, 204 (Bankr.Mont.1991); *MacDonald v. Mercill*, 220 Mont. 146, 714 P.2d 132, 135 (1986). Indeed, the Montana Constitution requires it. MONT. CONST. art. XIII, § 5 ("The legislature shall enact liberal homestead and exemption laws."). Mindful of the above guidance, this Court must determine whether debtors are each entitled to claim a $2,500.00 motor vehicle exemption in a single jointly owned vehicle.

*In re Miller*, 6 Mont. B.R. 96 (Bankr. Mont.1988) is this Court's first reported case addressing the allowance of the motor vehicle exemption. In that case, joint husband and wife petitioners each claimed a $1,200.00 motor vehicle exemption in the same motor vehicle under Mont.Code Ann. § 25–13–609(2)[2] and 11 U.S.C. § 522(m).

*Id.* The trustee in *Miller* filed an objection to the debtors' claimed motor vehicle exemptions arguing joint debtors are only entitled to one motor vehicle exemption of $1,200.00. *Id.* In sustaining the trustee's objection, this Court found that 11 U.S.C. § 522(m) did not apply to states which had opted out of the federal exemption scheme set forth at 11 U.S.C. § 522(d). *Id.* at 96–97. Second, based upon a plain reading of Mont.Code Ann. § 25–13–609(2), the Court found that joint debtors could not claim an exemption in excess of $1,200 in any one motor vehicle. *Id.* at 97–98 ("Two judgment debtors who are co-owners of a motor vehicle are entitled to exempt up to $1,200.00 in one motor vehicle.").

This Court revisited the motor vehicle exemption issue in *In re Arnold, In re Banderas* and *In re Quilling,* reported at 10 Mont. B.R. 170 (Bankr.Mont.1991). In the above consolidated cases, this Court addressed the issue of whether joint debtors "are entitled to claim more than one motor vehicle as exempt in their petitions." *Id.* at 171. Looking at policy considerations, this Court held:

> [T]he commencement of each case by filing a petition creates two estates, i.e., one for the husband and one for the wife. . . . Thus, both the husband and wife may each claim a $1,200 exemption in one motor vehicle under § 25–13–609(2).

The Court reasoned that any other finding would "have a deterrent effect against

---

1. Section 31–2–106 provides in pertinent part: "**Exempt Property—bankruptcy proceeding:** An individual may not exempt from the property of the estate in any bankruptcy proceeding the property specified in 11 U.S.C. § 522(d). An individual may exempt from the property of the estate in any bankruptcy proceeding: (1) that property exempt from execution of judgment as provided in . . . Title 25, chapter 13, part 6, . . . ."

2. At the time of the *Miller* decision, Mont. Code Ann. § 25–13–609(2) read:
   A judgment debtor is entitled to exemption from execution of the following:
   \*     \*     \*
   (2) the judgment debtor's interest, not to exceed $1,200 in value, in one motor vehicle[.]
   The above section was amended in 1999 to increase the allowed exemption from $1,200 to $2,500.

joint filing by husbands and wives, because they would lose an exemption to which they would be entitled if they filed separate petitions." *Id.* at 174.

Finally, in 1996, this Court was again presented with a motor vehicle exemption issue which combined the specific issues presented in *In re Miller* and *In re Arnold. In re Grove*, 15 Mont. B.R. 131 (Bankr.Mont.1996). In particular, the *Grove* decision addressed whether a husband and wife, who filed separate bankruptcy petitions, were each entitled to claim a separate exemption in the same motor vehicle. This Court, in *Grove*, followed the earlier decisions of *Miller* and *Arnold* and sustained the Trustee's objection, thereby disallowing one of the debtors' claimed motor vehicle exemptions. However, in addition to its prior reasoning, the Court in *Grove* also focused on the term "judgment debtor's interest":

> 20 Am.Jur.2d, COTENANCY AND JOINT OWNERSHIP, § 3, p. 107 (1995) explains:
>
> > "An estate in joint tenancy is one held by two or more persons jointly, *with equal rights to share in its enjoyment during their lives,* and having as its distinguishing feature the right of survivorship, by virtue of which the entire estate, upon the death of a joint tenant, goes to the survivor, or, in the case of more than two joint-tenants, to the survivors, and so on to the last survivor, free and exempt from all charges made by his deceased cotenant or cotenants." (Emphasis added).
>
> By like token, tenants in common, during their lives, as cotenants "have the right to equal access and use of the property held in common ..." *Jarrett v. Jarrett*, 202 Mont. 471, 659 P.2d 839, 840 (1983). *See, Toeckes v. Baker*, 188 Mont. 109, 611 P.2d 609, 612 (1980).
>
> The common feature therefore, during the lives of the tenants, such as the Debtors here, is the right of possession and use of the motor vehicle. That right to possession and use under Montana law is thus the "judgment debtor's interest" in the motor vehicle, and since such right is common to both Debtors, it necessarily follows that such right is subject to the exemption limitation set forth in § 25–13–609(2) of $1,200 in value in one motor vehicle. This explanation of the Debtor's interest in the motor vehicle as set forth in the Montana exemption statute supports, once again, the prior holdings of this Court dealing with § 25–13–609(2)[.]

The above case law is in accord with case law from the Ninth Circuit and this Court finds no reason to overturn such law at this time. However, the Court finds that one aspect of Debtors' argument warrants further discussion. Debtors posit that the above case-law is inconsistent with and not supported by statutory law. Debtors' argument rests upon the premise that 11 U.S.C. § 522(m) allows debtors, who file joint petitions, to claim their own separate set of exemptions. While the Court finds some logic in Debtors' argument, such argument, unfortunately, is not supported by a plain reading of Montana's exemption statute.

■ The oft-cited case of *In re Granger*, 754 F.2d 1490 (9th Cir.1985), teaches that states which opt out of the federal exemption scheme set forth at 11 U.S.C. § 522(d) are not bound by § 522(m) to provide exemptions separately to joint debtors. Instead, courts applying the laws of an "opt-out" state should look to that state's laws to determine whether the state's exemption provisions are applied to joint debtors individually or to joint debtors as a single marital unit.

■ The Montana Legislature has neither expressly adopted nor rejected 11

U.S.C. § 522(m). However, the Ninth Circuit Court of Appeals teaches that:

> Drafters are presumed to be familiar with the provisions of related statutes when they act. Where the California legislature omits a particular provision in a related enactment, such a deliberate omission may not be ignored by a court.

*In re Talmadge,* 832 F.2d 1120, 1124 (9th Cir.1987) (quoting *In re Baldwin,* 70 B.R. 612, 616 (9th Cir. BAP 1987)). As the *Baldwin* Court discussed:

> A court cannot omit or add to the plain meaning of the statute. [*In re Borba,* 736 F.2d 1317, 1320 (9th Cir.1984) ]. In applying this plain meaning rule, it must be assumed that the legislature knew what it was saying and meant what it said. *People v. Rodriquez,* 222 Cal. App.2d 221, 227, 34 Cal.Rptr. 907 (1963).

\* \* \*

Under the California exemptions, it is unquestioned that each marital unit was limited to a single set of exemptions. Cal.Code.Civ.Proc. § 703.110. The ability of each married debtor to select a separate set of exemptions was found only in Section 522(m). It is not inherent in the other provisions of Section 522 that were enacted into California law. *Kaiser Steel Corp. v. County of Solano,* 90 Cal.App.3d 662, 667, 153 Cal.Rptr. 546 (1979).

■ The fact that Congress included subsection (m) in § 522 implies that the federal exemptions set forth in § 522(d) would not apply separately to joint debtors absent § 522(m). To conclude otherwise would render § 522(m) superfluous and well-settled principles of statutory construction dictate that courts should:

> [G]enerally avoid construing one provision in a statute so as to suspend or supersede another provision. To avoid "deny[ing] effect to a part of a statute," we accord " 'significance and effect ... to every word.' "

*Rake v. Wade,* 508 U.S. 464, 471–72, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424 (1993). Since Montana's exemption scheme is patterned after the federal exemption scheme and the Uniform Exemption Act[3], the Court can only conclude that debtors, whether filing an individual or joint petition, are entitled to a single set of exemptions under § 609(2). The ability of joint debtors in Montana to claim separate sets of exemptions can only be found at 11 U.S.C. § 522(m). However, under the directive of *Talmadge,* this Court cannot ignore the Montana Legislature's deliberate omission of any reference to § 522(m). Therefore, the Court concludes that debtors are not entitled to claim two motor vehicle exemptions in one jointly owned vehicle.

■ As noted above, the Court finds merit in Debtors' argument. Nevertheless, this Court also believes that it has correctly interpreted Mont.Code Ann. § 25–13–609(2) as it was drafted by the Montana Legislature. This Court is cognizant of the separation of powers between the legislative and the judicial branches of our government. As one court aptly noted: "It is not for the members of this or any other court to redraft statutes to render them more grammatically correct or more to our personal predilection[.]" *Atwell v. Merit Systems Protection Bd.,* 670 F.2d 272, 286 (D.C.Cir.1981). If this Court has interpreted Montana's exemption statutes too narrowly, which the Court does

---

**3.** *See In re Edwards,* 8 Mont. B.R. 126, 127, n. 2. (Bankr.Mont.1990) ("The Uniform Exemption Act (UEA) was promulgated by the Commissioners of Uniform State Laws. The UEA forms the basis for the laundry list of federal exemptions in Section 522(d) of the Bankruptcy Code. *Matter of Kochell,* 732 F.2d 564 (7th Cir.1984)").

not believe it has done, the Montana Legislature can easily correct such error by clarifying the exemption statutes. This Court would welcome such clarification as it relates to the issue presented in this case and to other issues, such as the applicability of the so called wildcard exemption, which was abolished in *In re Siegle,* 18 Mont. B.R. ——, 257 B.R. 591 (Bankr. Mont.2001).

IT IS THEREFORE ORDERED the Trustee's Objection to Debtors' Claimed Exemptions filed November 29, 2000, is sustained; and Debtors' combined motor vehicle exemption in a 1991 GMC Suburban is limited to $2,500.00.