**CLEAR CREEK SCHOOL DISTRICT RE-1, Petitioner–Appellant,**

v.

**Walter T. HOLMES, Muriel C. Holmes, Marilyn R. Sandifer, Donald E. Couch, Treasurer of the County of Jefferson, State of Colorado, and Nancy Flett, Public Trustee for Jefferson County, Colorado, Respondents-Appellees.**

**No. 80CA0561.**

Colorado Court of Appeals, Div. I.

Feb. 5, 1981.

Rehearing Denied March 5, 1981.

Broadhurst & Petrock, J. J. Petrock, Denver, for petitioner-appellant.

Bradley, Campbell & Carney, P. C., James J. Nolan, Golden, for respondents-appellees.

PIERCE, Judge.

Petitioner, Clear Creek School District RE-1, appeals the order of the trial court denying its petition in condemnation. We affirm.

Petitioner obtained a perpetual right-of-way from the State Board of Land Commissioners for public school purposes. Petitioner proposed to build a school on this property which is located outside of the Clear Creek School District in Jefferson County.

Since the most feasible access route to the proposed school site crosses the property of respondents Walter F. Holmes, Muriel C. Holmes, and Marilyn R. Sandifer, petitioner sought to condemn a way of necessity across respondents' property.

Respondents moved to dismiss the petition, and the trial court granted the motion.

I.

The power to condemn respondents' property is prohibited by § 22–32–111, C.R.S. 1973, which states:

"A school district has the power to take by eminent domain so much real property as the board of education of the district may deem necessary for any school purpose authorized by law, *but the power of eminent domain shall not be exercised to acquire any real property located outside the territorial limits of the school district.*" (emphasis added)

Petitioner argues that *Colo.Const.* Art. II, Sec. 14, grants it the right to condemn private property for a way of necessity. This argument necessarily implies that § 22–32–111, C.R.S. 1973, is unconstitutional, since giving effect to the plain meaning of this statute obviously prevents petitioner from condemning the subject property. We disagree with this premise.

A school district is a political subdivision of the state, *Bagby v. School District No. 1*, 186 Colo. 428, 528 P.2d 1299 (1974), and, as such, lacks standing to challenge the constitutionality of a statute directing its performance. *Denver Association for Retarded Children, Inc. v. School District No. 1*, 188 Colo. 310, 535 P.2d 200 (1975). Further, a school district is bound by the limitations of its authorizing statute and may not challenge the statute's constitutionality, as petitioner seeks to do here by implication.

**156** ■

See *In Re District 50 Metropolitan Recreation District v. Furbush*, 166 Colo. 63, 441 P.2d 645 (1968).

■ Therefore, petitioner may not invoke the constitutional provision concerning the power of eminent domain to preclude application of § 22–32–111, C.R.S. 1973, which prohibits petitioner from exercising extraterritorial eminent domain. *In Re District 50, supra.*

## II.

Petitioner further asserts that the power to condemn is implied in the express authority to take and hold property granted by § 22–32–110(1)(a), C.R.S. 1973 (1979 Cum. Supp.). Again, we disagree.

■ Although the authority to condemn extraterritorial property may be implied in an express grant of power, *Public Service Co. v. City of Loveland*, 79 Colo. 216, 245 P. 493 (1926), no such implication arises where, as here, the General Assembly has specifically prohibited a school district from condemning extraterritorial property. *See, generally, Ridge Erection Co. v. Mountain States Telephone & Telegraph Co.*, 37 Colo.App. 477, 549 P.2d 408 (1976).

We have examined petitioner's other contentions of error and find them to be without merit.

Order affirmed.

COYTE and KIRSHBAUM, JJ., concur.