**In the Matter of the Claim of: Dennis H. STERLING, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE of Colorado, Charles McGrath, Director of Division of Labor, Amax Incorporated, State Compensation Insurance Fund, and/or Major Medical Insurance Fund, Respondents.**

**No. 82CA0350.**

Colorado Court of Appeals, Div. I.

Dec. 2, 1982.

Rehearing Denied Dec. 16, 1982.

Certiorari Denied March 28, 1983.

Opinion Modified upon Motion for Clarification April 28, 1983.

George T. Ashen, James Freemyer, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, William Levis, Asst. Attys. Gen., Denver, for respondents The Industrial Com'n of the State of Col., Charles McGrath, Director of Div. of Labor, and Major Medical Ins. Fund.

Edward V. Frayle, Denver, for respondents Amax Inc. and State Compensation Ins. Fund.

COYTE *, Judge.

Petitioner, Dennis A. Sterling, seeks review of an order of the Industrial Commission denying his claim for vocational rehabilitation benefits in excess of 52 weeks under the Major Medical Insurance Fund Act, § 8–66–101, et seq., C.R.S.1973, as amended in 1975. We affirm.

On July 6, 1977, petitioner sustained employment related injuries which eventually resulted in the amputation of his left arm above the elbow. Thereafter, petitioner's application for admission to the Colorado Major Medical Insurance Fund, § 8–66–101, et seq., C.R.S.1973, as amended in 1975, was granted on the grounds that his medical expenses exceeded the $20,000 statutory limit on the benefits which could be obtained under the Colorado Workmen's Compensation Act.

At the hearing on petitioner's claim for vocational rehabilitational benefits, a rehabilitation counselor testified that the best vocational rehabilitation program for petitioner would be the pursuit of an electrical engineering degree. This would allow petitioner an opportunity to work for his employer in a position which would be less physically strenuous. Petitioner had previously started the program toward such a degree and had two academic years plus a summer remaining to complete his degree. Completion of petitioner's rehabilitation plan of obtaining an electrical engineering degree would greatly reduce, if not eliminate, petitioner's industrial disability.

The hearing officer disapproved petitioner's vocational rehabilitation plan on the

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

basis that the 52 week limitation for vocational rehabilitation under § 8–49–101(4), C.R.S.1973, as amended in 1975, of the Workmen's Compensation Act applied to rehabilitation benefits under the Major Medical Insurance Fund and that it was improper to approve 52 weeks of a vocational rehabilitation plan when the specific plan under consideration is incapable of completion in that period of time. The Industrial Commission affirmed the decision of the hearing officer.

The current language of § 8–66–102(1), C.R.S.1973 (1982 Cum.Supp.) specifically limiting the combination of vocational rehabilitation benefits under both the Major Medical Insurance Fund and Workmen's Compensation Act to no more than 52 weeks was not in effect at the time of the petitioner's accident, having been added in 1981, and is therefore inapplicable to this case. The sole issue on this appeal is whether the provisions of § 8–49–101(4), C.R.S.1973, as amended in 1975, which at the time of the accident limited vocational rehabilitation benefits under the Workmen's Compensation Act to 52 weeks are applicable to such benefits granted pursuant to the Major Medical Insurance Fund Act as it was written at the time of petitioner's accident. We agree with the Industrial Commission that there was such a limitation.

■ The vocational rehabilitation provisions of the Workmen's Compensation Act, § 8–49–101(4), C.R.S.1973, as amended in 1975, and the Major Medical Insurance Fund, § 8–66–102(1), C.R.S.1973, as amended in 1975, were both enacted by the General Assembly in 1975. Because these provisions relate to the same subject and were enacted at the same time, they are deemed to be in *pari materia* and must be construed together to effectuate the legislative intent. *State Board of Medical Examiners v. Jorgensen,* 198 Colo. 275, 599 P.2d 869 (1979).

The Major Medical Insurance Fund was enacted to provide an additional financial resource once an employer had paid $20,000 of medical benefits to an injured employee. The article which established this fund addressed only the source of the funds once the maximum benefits are reached under the Workmen's Compensation Act and did not address the issue of any limitations on those benefits. Instead, § 8–66–107, C.R.S. 1973, as amended in 1975, provides simply that a worker's entitlement to benefits under the Major Medical Insurance Fund is to be determined in accordance with and subject to the provisions of the Workmen's Compensation Act. Hence, although vocational rehabilitation benefits are available under both the Workmen's Compensation Act and the Major Medical Insurance Fund, the criteria established in the Workmen's Compensation Act governs the availability under the Major Medical Insurance Fund.

Section 8–49–101(4), C.R.S.1973, as amended in 1975, of the Workmen's Compensation Act provided in pertinent part:

"Every employee who has suffered an injury covered by this article shall be entitled to vocational rehabilitation at a facility or institution approved by the division when, as a result of the injury or occupational disease he is unable to perform work for which he has previous training or experience. Such vocational rehabilitation services shall continue for such period of time as may be reasonably necessary, not exceeding twenty six weeks, for the purpose of restoring the employee to suitable employment. The director, on good cause, may extend for an additional period, not to exceed twenty six weeks, the vocational treatment or services required."

■ This section gives the director of the division of labor discretion to extend vocational rehabilitation services for a period not to exceed 52 weeks. As the director's powers under the Major Medical Fund are those provided by the Workmen's Compensation Act, the director does not have any discretion to extend the period of vocational rehabilitation once the 52 week limitation is

reached. Section 8–66–105, C.R.S.1973, as amended in 1975. Hence, the 52-week limitation is absolute and is applied to benefits for vocational rehabilitation services whether these benefits are paid for by the employer or by the Fund. Accordingly, reading these two statutes together, we conclude that the legislative intent was to provide for a maximum of 52 weeks of vocational rehabilitation benefits regardless of the source of the funds. Hence, the Commission did not err in disapproving petitioner's vocational rehabilitation plan on the basis that it exceeded 52 weeks in length.

A motion to dismiss was filed in this case contending that there was no final order issued by the Commission. This court determined that permanent disability could not be evaluated until a determination was made on the propriety of the petitioner's plan for rehabilitation, and denied the motion to dismiss.

The order disapproving petitioner's plan for vocational rehabilitation is affirmed, and the cause is remanded to the Commission for further proceedings consistent with this opinion.

VAN CISE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting:

I respectfully dissent because in my view the Industrial Commission erred in applying the limitation on benefits found in the vocational rehabilitation article, § 8–49–101(4), C.R.S.1973, to the major medical benefits provided under § 8–66–101 et seq., C.R.S. 1973.

At the time of this claim the Major Medical Insurance Fund Act did not contain any maximum limit for benefits. After claimant's injury, that Act was amended to limit the combined benefits from both acts to 52 weeks. See Colo.Sess.Laws 1981, ch. 82, § 8–66–102(1) at 467. There is no indication, however, that benefits were intended to be limited prior to that time.

I would hold that because the General Assembly had not provided any limit in Article 66 for major medical benefits, there is none. Had the General Assembly intended a limitation, it would have provided one, and we err in inserting one by judicial fiat. See Tompkins v. DeLeon, 197 Colo. 569, 595 P.2d 242 (1979). Moreover, to do so is to run contrary to the liberal construction with which workmen's compensation laws are to be interpreted. See University of Denver v. Industrial Commission, 138 Colo. 505, 335 P.2d 292 (1959).

As a matter of statutory interpretation, I believe it is wrong to read into the Major Medical Insurance Fund Act any limitation on benefits contained in the vocational rehabilitation statute prior to the pertinent 1981 amendment. By its terms, the purpose of the Major Medical Insurance Fund is to defray expenses for vocational rehabilitation which are in excess of those provided under the Workmen's Compensation Act. The only reference to the Workmen's Compensation Act contained in the Major Medical Insurance Fund Act requires that employees establish their *entitlement* to benefits under the Act. The *amount* of benefits was not linked until both acts were amended in 1981.

The fact that the General Assembly amended the Major Medical Insurance Fund Act in 1981, should lead to application of the rule of statutory construction that when the legislature enacts an amendment, there is a presumption that it is changing the meaning of the original act. As stated in *Ridge Erection Co. v. Mountain States Telephone & Telegraph Co.,* 37 Colo.App. 477, 549 P.2d 408 (1976):

> "When a statute is amended, it is presumed that the legislature intended the statute to have a meaning different from that accorded to it before the amendment."

It was also explained in *Ridge, supra,* that the statute was amended "to supply some want and to correct some deficiency in the existing legislation." *See also* 1A *Suther-*

*land, Statutes & Statutory Construction* § 22.30 (rev. 4th ed. C. Sands) wherein it is stated:

> "Not only is this presumption of change used in construing the provisions of the amendatory act, but it is frequently resorted to in litigation arising after the amendment to determine rights accrued under the original act. Thus, it is presumed that the provisions added by amendment were not included in the original act."

This presumption of change here is strengthened by a review of the circumstances surrounding the amendment of the statute. The record in this case indicates that on January 9, 1979, in the case of *Widener v. Exeter Service Co.,* W.C. No. 2–929–617 MM, the Industrial Commission entered an order in which it held that the 52 week limitation of the Workmen's Compensation Act did *not* apply under the Major Medical Insurance Fund Act. It was shortly after this decision that the General Assembly enacted the 1981 amendment. *See* Colo.Sess.Laws 1981, ch. 82 at 467. The action of the General Assembly in amending the statute in the face of this interpretation by the Industrial Commission lends further credence to the conclusion that the General Assembly intended to change the meaning of the statute as it previously existed.

For these reasons, I would set aside the order of the Industrial Commission denying benefits under the Major Medical Insurance Fund Act and remand with directions to award the extended benefits.