The PEOPLE of the State of Colorado, In the Interest of D.B., K.B., S.B., and D.B., Minor Children, And Concerning H.G.B., Respondent–Appellee.

Upon the Petition of Dr. Thomas GIB-LIN, Assistant Superintendent for Education Services for School District No. 3., Petitioner–Appellant.

No. 87CA1360.

Colorado Court of Appeals, Division I.

Dec. 1, 1988.

V. William Mortiz, Woodland Park, for respondent-appellee.

Susemihl, Lohman, Kent, Carlson & McDermott, P.C., Richard V. Lohman, Colorado Springs, for petitioner-appellant.

Home School Legal Defense Ass'n, Christopher J. Klicka, Great Falls, Va., amicus curiae for respondent-appellee.

PIERCE, Judge.

An executive of School District No. 3 (the school district), filed a petition for an order to compel respondent, H.G.B., the father of four minor children, whose ages range from seven to fifteen, to require that his children attend public school. The juvenile commissioner entered an order finding that father was in compliance with the School Attendance Law of 1963. On review, the district court affirmed. The school district appeals, and we affirm.

The parties stipulated to the relevant facts. The four children were enrolled in the Patriot Christian Academy in Salida, Colorado. However, the children pursued their daily course work in their home in Colorado Springs, and reported to the campus in Salida periodically for testing. Father and the academy offered to make the results of that testing available to the

** See fn. *, ante.

school district. Father argued, and the district court found, that the children were "enrolled" in "an independent or parochial school" within the meaning of § 22–33–104(2)(b), C.R.S. (1988 Repl.Vol. 9).

On appeal, the school district does not challenge the district court's ruling that the children were "enrolled" in the school in question, rather, it contends that because the children were pursuing their studies at home, they must either be instructed by a certified teacher or be instructed under an established system of home study approved by the state board of education. Because it is undisputed that these requirements were not met here, the school district asserts that the court erred in dismissing its petition. We do not agree.

Section 22–33–104 C.R.S. (1988 Rep.Vol. 9) provides that every child who has attained the age of seven years and is under the age of sixteen years must attend public school for a minimum number of hours, unless he or she is subject to a listed exemption. The exemption at issue in this case, § 22–33–104(2)(b), applies to a child:

> "Who is *enrolled* for a minimum of one hundred seventy-two days in an independent or parochial school which provides a basic academic education. 'Basic academic education' for the purpose of this article means the sequential program of instruction provided by an independent or parochial school...." (emphasis added)

Prior to 1983, this subsection provided an exemption for a child "who *attends,* for the same number of days, an independent or parochial school which provides a basic academic education...." Colo.Sess.Laws 1963, ch. 243, § 123–32–5(2)(b) at 862 (emphasis added).

It is a rule of statutory construction that the amendment of a statute evidences an intent by the General Assembly to change the law. *Ridge Erection Co. v. Mountain States Telephone & Telegraph Co.,* 37 Colo.App. 477, 549 P.2d 408 (1976). The change in intent is apparent here.

Since the district has not challenged the adequacy of the education provided by the academy, the matter of the sufficiency of the children's attendance is between them and the independent school in which they are enrolled. Because we agree with the district court that the children are complying with § 22–33–104(2)(b), their compliance with any home-study regulations enacted pursuant to § 22–33–104(2)(i) is irrelevant.

THE ORDER IS AFFIRMED.

HUME and MARQUEZ, JJ., concur.