Connie J. McFARLEN, Petitioner,

v.

William ECKHART, d/b/a Classic Bowl, Mid Century Insurance Company, Complete Bowling Services, Inc., d/b/a Classic Bowl, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 93CE0016.

Colorado Court of Appeals, Div. C.

Dec. 16, 1993.

Certiorari Denied Aug. 15, 1994.

Steven U. Mullens, P.C., James A. May, Colorado Springs, for petitioner.

Joan A. Goldsmith, Colorado Springs, for respondents William Eckhart, d/b/a Classic Bowl, and Mid Century Ins. Co.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge METZGER.

The sole issue in this workers' compensation case is whether the filing of a petition for rehearing is a necessary procedural step for seeking further review in the supreme court when a petition for certiorari has been denied by this court. We conclude that such a filing is not required, and thus, we dismiss the petition for rehearing filed by claimant.

On November 4, 1993, we denied the petition for certiorari filed by Connie J. McFarlen, claimant. Thereafter, claimant filed a petition for rehearing with this court.

Procedural rules relating to the same subject are deemed to be in *pari materia* and must be construed together. *Cf. In re Claim of Sterling v. Industrial Commission,* 662 P.2d 1096 (Colo.App.1982) (applying to statutory provisions). When there is a conflict between rules relating to a particular procedure, the more specific rule shall control over a conflicting general rule on the same subject. *Cf. Moran v. Calstrom,* 775 P.2d 1176 (Colo.1989) (applying rule to statutory provisions); *Welch v. Industrial Commission,* 722 P.2d 439 (Colo.App.1986).

C.A.R. 52(b) generally addresses writs of certiorari to the supreme court for review of decisions of this court. This rule requires that: "No writ of certiorari to the Supreme Court shall issue unless a petition for rehearing has been filed in the Court of Appeals." The rule further provides:

A petition for writ of certiorari to review a judgment of the Court of Appeals shall be filed not later than thirty days from the date rehearing is denied in the Court of Appeals, except that in workers' compensation and unemployment insurance cases the time for filing a petition for writ of certiorari to the Supreme Court is reduced to fifteen days.

C.A.R. 46.4 and 46.7, however, specifically apply to the review of workers' compensation decisions of the Industrial Claim Appeals Panel by the court of appeals under the certiorari procedure established by § 8–43–307, C.R.S. (1993 Cum.Supp.) for injuries occurring on or after July 1, 1991. *See Martinez v. Regional Transportation District,* 832 P.2d 1060 (Colo.App.1992).

C.A.R. 46.7(a) provides that: "No petition for rehearing shall be permitted except as provided in C.A.R. 46.4." C.A.R. 46.4(b) in turn provides:

If, after *granting* the writ, the court later denies the same as having been improvidently granted or renders decision by opinion of the court on the merits of the writ, a petition for rehearing may be filed in accordance with the provisions of C.A.R. 40. (emphasis added)

Accordingly, the rules specifically dealing with certiorari review of workers' compensation cases do not provide for the filing of a petition for rehearing upon the denial of a writ of certiorari.

We conclude that the more specific provisions of C.A.R. 46.4 and 46.7 control over the more general provisions of C.A.R. 52(b). Therefore, if a petitioner wishes to seek further review following this court's denial of a petition for certiorari, the petitioner must proceed by filing a petition for certiorari in the supreme court within fifteen days of this court's ruling on the initial petition.

The petition for rehearing is dismissed.

RULAND and BRIGGS, JJ., concur.