**ANHEUSER BUSCH, INC., and the Insurance Company of the State of Pennsylvania, Petitioners,**

**v.**

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and David Shultz, Respondents.**

**No. 00CA2242.**

Colorado Court of Appeals, Div. A.

May 24, 2001.

Ritsema & Lyon, P.C., Fredric A. Ritsema, Richard W. Pruett, Denver, CO, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Irwin & Boesen, P.C., Christopher L. Ingold, Denver, CO, for Respondent David Shultz.

Opinion by Judge ROTHENBERG.

In this appeal from a final worker's compensation order of the Industrial Claim Appeals Office (ICAO), claimant, David Shultz, has moved to dismiss the appeal of the employer, Anheuser Busch, Inc., and its insurer, the Insurance Company of the State of Pennsylvania (collectively employer), based on employer's failure to file a cost bond pursuant to C.A.R. 7.

Before ruling, we asked the parties to address whether the requirement of a cost bond under C.A.R. 7 applies to appeals filed pursuant to C.A.R. 3.1. We conclude C.A.R. 7 does not apply to such appeals, and we therefore deny claimant's motion to dismiss.

C.A.R. 7 is entitled, "Bond for Costs on Appeal in Civil Cases." It provides in relevant part:

Unless an appellant is exempted by law, or has filed a supersedeas bond or other undertaking which includes security for the payment of costs on appeal, *in civil cases* a bond for costs on appeal or equivalent security shall be filed by the appellant *in the trial court* with the notice of appeal; but security shall not be required of an appellant who is not subject to costs. The bond or equivalent security shall be in the sum or value of $250 unless the trial court fixes a different amount.... After a bond for costs on appeal is filed, an appellee may raise for determination by the clerk of the trial court objections to the form of the bond or to the sufficiency of the surety.

(emphasis added)

Claimant contends that cases filed pursuant to C.A.R. 3.1 are encompassed in the term "civil cases" and, therefore, that a cost bond is required. We disagree.

In determining the meaning of procedural rules such as the Colorado Appellate Rules, we give the words of the rules their plain meaning, and we read all of the rules in pari materia. *See People v. Arellano–Avila,* 20 P.3d 1191 (Colo.2001); *People ex rel. Farina v. District Court,* 184 Colo. 406, 521 P.2d 778 (1974); *McFarlen v. Eckhart,* 878 P.2d 11 (Colo.App.1993).

If the language of the rules is clear and unambiguous, we need not look further to determine their meaning. *See Town of Superior v. Midcities Co.,* 933 P.2d 596 (Colo. 1997).

C.A.R. 7 specifically provides that cost bonds should be filed in the trial court and that determinations regarding the sufficiency of the surety are to be made by the clerk of the trial court. Thus, by its plain language, C.A.R. 7 applies to appeals from trial courts in civil cases, not appeals filed directly from administrative agencies such as the ICAO.

We further observe that the Colorado Appellate Rules distinguish appeals in "civil cases" from appeals from state agencies. *Compare* C.A.R. 3(d)("Contents of the Notice of Appeal in Civil Cases (Other Than District Court Review of Agency Actions and Appeals From State Agencies)"), *with* C.A.R. 3(e)("Contents of Notice of Appeal from State Agencies (Other Than the Industrial Claim Appeals Office) Directly to the Court of Appeals"); C.A.R. 3(f)("Contents of Notice of Appeal from District Court Review of Agency Actions"), *and* C.A.R. 3.1 ("Appeals From Industrial Claim Appeal Office").

Similarly, C.A.R. 4(a), which sets forth when an appeal of right may be taken, also distinguishes between civil cases and ICAO cases filed pursuant to C.A.R. 3.1.

C.A.R. 12, which sets forth the docketing fees, also provides distinct procedures for proceeding in forma pauperis in appeals from trial courts, as compared to those in actions directly from an administrative agency. *Compare* C.A.R. 12(b) *with* C.A.R. 12(c).

Finally, we agree with the employer that the need to protect a claimant in an ICAO case from appellate costs is greatly diminished because no docket fee is required, and a claimant is rarely exposed to court costs. *See* § 8–43–314, C.R.S.2000. In fact, there are no provisions in the appellate rules for filing cost bonds in administrative agency cases. Claimant has not suggested where such a bond would be filed, and this court does not accept cost bonds for filing.

Given the plain language of C.A.R. 7, and reading it in pari materia with the Colorado Appellate Rules, we conclude C.A.R. 7 does not require the posting of a cost bond in cases appealed pursuant to C.A.R. 3.1.

The claimant's motion to dismiss is denied.

PLANK and MARQUEZ, JJ., concur.