**Arionna CRAWFORD, Plaintiff–Appellant,**

v.

**Evan L. MELBY, individually, and Evan L. Melby, Inc., d/b/a Melby Ranch Properties, Melby Ranch, Wild Horse Mesa, Elk Park Ranch, San Luis Estates South, Rio Grande Ranchos, San Luis Valley Ranch, and Elm Estates, Defendants–Appellees.**

No. 02CA1724.

Colorado Court of Appeals, Div. I.

Sept. 11, 2003.

Rehearing Denied Nov. 26, 2003.

Certiorari Denied May 3, 2004.

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Graham Law Firm, David A. Graham, Taos, New Mexico, for Plaintiff–Appellant.

Lester, Sigmond, Rooney & Schwiesow, Eric Schwiesow, Alamosa, Colorado, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiff, Arionna Crawford, appeals the judgment entered by the trial court after a bench trial in favor of defendants, Evan L. Melby and Evan L. Melby, Inc. (collectively the Melbys). The sole issue on appeal is whether the trial court erred in granting, without Crawford's consent, the Melbys' request to withdraw their demand for a jury trial when Crawford had paid the requisite jury fee and had not affirmatively waived her right to a jury trial after the Melbys made their request. We perceive no error and thus affirm.

Crawford was employed by the Melbys in their real estate business. She brought this action against them seeking damages based on the termination of that employment relationship. In her complaint, filed in 1998, Crawford demanded a trial by jury, but she did not pay the requisite jury fee at that time. In their answer, filed in 2000, the Melbys also demanded a jury trial, but, in contrast to Crawford, they simultaneously paid the jury fee.

In 2002, Crawford paid the jury fee. Shortly thereafter, however, the Melbys moved to withdraw their demand for a jury trial. Crawford objected, arguing that because she had paid the jury fee, the Melbys could not withdraw their demand for a jury trial without her consent. The Melbys argued that Crawford waived the right to a jury trial when she failed to pay the jury fee when she filed her complaint or within ten days of service of the last pleading directed to an issue triable by a jury.

The trial court agreed with the Melbys and ordered that the case be tried to the court. Following a bench trial, the trial court made extensive findings of fact and entered judgment in favor of the Melbys. Crawford then brought this appeal challenging the trial court's decision allowing the Melbys to withdraw their demand for a jury trial.

C.R.C.P. 38 sets forth the procedures for exercising the right to trial by jury.

C.R.C.P. 38(a) provides that any party to an action in which a jury trial is permitted may exercise that right by filing a demand and simultaneously paying the requisite jury fee. *See also* § 13–71–144, C.R.S.2002 (setting forth amount of the jury fee and tracking the language in C.R.C.P. 38(a) regarding who may demand a trial by jury).

C.R.C.P. 38(b) provides that a demand for a trial by jury is made "by filing and serving upon all other parties, pursuant to Rule 5(d), a demand therefor at any time after the commencement of the action but not later than ten days after the service of the last pleading directed to such issue." A party may endorse a demand for a jury trial upon a pleading and shall pay the requisite jury fee upon the filing of the demand. *See* C.R.C.P. 38(b).

Once a party to an action "has exercised the right to demand a trial by jury, every other party to such action shall also pay the requisite jury fee unless such other party, pursuant to Rule 5(d), files and serves a notice of waiver of the right to trial by jury within ten days after service of the demand." C.R.C.P. 38(c).

C.R.C.P. 38(e) describes waiver or withdrawal of a jury demand:

> The failure of a party to file and serve a demand for trial by jury and simultaneously pay the requisite jury fee as required by this Rule constitutes a waiver of that party's right to trial by jury. A demand for trial by jury made pursuant to this rule may not subsequently be withdrawn in the absence of the written consent of every party who has demanded a trial by jury and paid the requisite jury fee and of every party who has failed to waive the right to trial by jury and paid the requisite jury fee.

Similarly, C.R.C.P. 121 § 1–3 provides that:

> Any party who has demanded a trial by jury and has paid the requisite jury fee and any party who has not waived the right to trial by jury and has paid the requisite jury fee is entitled to trial by jury of all issues properly designated for trial

by jury unless that party waives such right pursuant to Rule 38(e).

Further, C.R.C.P. 39(a) provides, in pertinent part, that when a party demands a jury trial and pays the requisite fee, a trial shall be by jury, unless, as relevant here, "all parties who have failed to waive the right to trial by jury and paid the requisite jury fee have, in writing, waived their rights to trial by jury."

■ The Melbys contend that the plain language of C.R.C.P. 38(e) provides that Crawford's failure to file and serve a demand for trial by jury and simultaneously pay the requisite jury fee constituted a waiver of her right to trial by jury. Conversely, Crawford argues that when, as here, one party has timely filed and served a demand for trial by jury and paid the requisite fee, the request for a jury trial may not be withdrawn without the consent of the other party who has paid the jury fee and who has not affirmatively waived the right to a trial by jury. We agree with the Melbys' construction of the rule.

■ In determining the meaning of procedural rules, we give the words their plain meaning, and if the language of the rules is clear and unambiguous, we need not look further to determine their meaning. *Anheuser Busch, Inc. v. Indus. Claim Appeals Office*, 28 P.3d 969 (Colo.App.2001). However, if the language of a rule is susceptible of different meanings, a court must attempt to ascertain the supreme court's intention in promulgating the rule so as to carry out its intended purpose. In doing so, the court may consider not only the language of the rule, but also the reason and necessity of the rule and the objective that the rule seeks to accomplish. *In re Marriage of Eisenhuth*, 976 P.2d 896 (Colo.App.1999).

We conclude that C.R.C.P. 38(e) is susceptible of different meanings.

Initially, we note that the second sentence of C.R.C.P. 38(e) creates two categories of litigants who may have a right to a jury trial: (1) those who have timely demanded a trial by jury and paid the requisite jury fee; and (2) those who have not waived the right to a jury trial and have paid the requisite jury fee. The first category applies to litigants

who have a right to a jury trial as a result of their own actions. The second category applies to litigants who have a right to a jury trial as a result of another party's action in requesting a jury trial and their own action in paying the requisite fee.

As noted, C.R.C.P. 38(c) provides that once a party has exercised the right to trial by jury, the other party shall also pay the jury fee unless that party affirmatively files and serves a written notice of waiver of the right to jury trial within ten days after service of the first party's demand for a jury trial.

One possible interpretation of these provisions, urged upon us by Crawford, is that a party does not waive the right to trial by jury when the party who has properly requested a jury trial later withdraws that request. Rather, Crawford contends, in accordance with C.R.C.P. 38(e), when the requesting party has timely demanded and paid the requisite jury fee, and the second party has paid the jury fee, the demand for a trial by jury may not be withdrawn by the first party without the consent of the second party who has paid the jury fee, but has not affirmatively waived that right by serving the first party with a written notice of waiver.

Another interpretation, based on the plain language of the applicable rules and statute, supports the trial court's conclusion that a party does not have two opportunities to insist unconditionally on the right to trial by jury. We agree with this conclusion and determine that it is more consistent with the supreme court's intent.

As noted, C.R.C.P. 38(e) states in pertinent part, "The failure of a party to file and serve a demand for trial by jury and simultaneously pay the requisite jury fee as required by this rule *constitutes a waiver of that party's right to trial by jury*." (Emphasis added.) Similarly, § 13–71–144 provides in pertinent part: "Failure to pay the jury fee at the time of filing the demand, and no later than ten days after the service of the last pleading directed to any issue triable by a jury, *shall constitute a waiver of a jury trial by the demanding, nonpaying party*." (Emphasis added.)

Here, it is undisputed that Crawford did not pay the jury fee when she filed her complaint or within ten days after service of the last pleading directed to any issue triable by a jury. Accordingly, pursuant to C.R.C.P. 38(e) and § 13–71–144, she waived her right to a jury trial. *See Unigard Sec. Ins. Co. v. Mission Ins. Co. Trust,* 12 P.3d 296 (Colo. App.2000).

Once Crawford waived her right to a jury trial, that right was reinstated only conditionally by the Melbys' proper and timely request for a jury trial. Once the Melbys withdrew their request for a jury trial, Crawford no longer had a right to insist on a jury trial.

One difficulty with Crawford's interpretation is that she mistakenly includes herself in the second category of litigants described in C.R.C.P. 38(e)—those who have not waived the right to a jury trial and have paid the requisite jury fee. Here, while Crawford eventually paid the jury fee, she waived her right to a jury trial by not timely paying the jury fee when she filed her complaint or within ten days of the service of the last pleading directed to an issue triable by a jury. Thus, the second sentence of C.R.C.P. 38(e) does not provide a basis for Crawford to obtain a jury trial.

■ In our view, the second sentence of C.R.C.P. 38(e) applies when a defendant timely requests a jury trial and, in response, pursuant to C.R.C.P. 38(c), a plaintiff then timely pays the jury fee. In that situation, the plaintiff would still be entitled to a jury trial, even if the defendant attempts to withdraw his or her request for a jury trial. In contrast, here, Crawford specifically waived her right to a jury trial by not paying the jury fee in a timely manner.

Another difficulty with Crawford's interpretation is that it would provide her with two opportunities to insist on a jury trial. In other words, having initially waived her right to a jury trial, she would then have a second opportunity to obtain a jury trial by withholding her consent after the Melbys withdrew their jury trial request. We do not believe the supreme court contemplated that a party would have two unconditional opportunities to obtain a jury trial.

Finally, we note that the trial court relied in part on *Machol v. Sancetta,* 924 P.2d 1197 (Colo.App.1996). There, a division of this court held that C.R.C.P. 39(b) does not afford the trial court discretion to grant an untimely request for a jury trial. The trial court here indicated that if it could exercise its discretion, it would have been inclined to grant Crawford's request for a jury trial, but based upon *Machol v. Sancetta, supra,* it was without that discretion. That determination was correct, and the trial court was required to deny Crawford's request for a jury trial.

Because Crawford's claim is not frivolous, we deny the Melbys' request for attorney fees and costs under C.A.R. 38(d). *See Wood Bros. Homes, Inc. v. Howard,* 862 P.2d 925 (Colo.1993).

The judgment is affirmed.

Judge KAPELKE and Judge LOEB concur.